UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

FILED
CLERK, U.S. DISTRICT COURT

05/12/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ TF _____ DEPUTY

|  |  |  |
|---|---|---|
| CALEB L. MCGILLVARY | ) | CIVIL ACTION NO. |
|    PLAINTIFF | ) | 2:22-cv-08587-FLA-AGR |
|  | ) | Hon. Fernando L. Aenlle-Rocha, |
| V. | ) | U.S.D.J. |
|  | ) |  |
| THEODOR | ) |  |
| VONKURNATOWSKI | ) |  |
|    DEFENDANT | ) |  |

## SECOND AMENDED COMPLAINT

## I. PARTIES IN THIS COMPLAINT
## A. PLAINTIFF (*PRO SE PLAINTIFF IS INCARCERATED*)
NAME: Caleb L. McGillvary
STREET ADDRESS: #1222665/SBI#102317G NJSP Po Box 861
COUNTY, CITY: Mercer, Trenton
STATE & ZIP CODE: New Jersey 08625
TELEPHONE NUMBER: N/A

## B. DEFENDANT
NAME: Theodor VonKurnatowski
STREET ADDRESS: 401 South Barrington Ave
COUNTY, CITY: Los Angeles, Los Angeles
STATE & ZIP CODE: California 90049
TELEPHONE NUMBER: Unknown

## II. BASIS FOR JURSIDICTION
This Court has jurisdiction under 28 U.S.C. 1331 over plaintiff's claims under 15 U.S.C. 1125, 18 U.S.C. 1964, and 18 U.S.C. 2318(e). This Court has jurisdiction under 28 U.S.C. 1332 and 28 U.S.C. 1367 over plaintiff's state law claims. Plaintiff is a resident of New Jersey and Defendant is a citizen of California. The amount in controversy

1

exceeds $75,000. This Court has jurisdiction under 28 U.S.C. 1338 over plaintiff's claims under 17 U.S.C. 501 et seq.

## III. STATEMENT OF CLAIM

A. The events giving rise to these claims occurred at Theodor VonKurnatowski's place of residence and/or YouTube channel in or around Los Angeles, California

B. Where indicated, these claims accrued on August 12, 2022 by equitable tolling under the "Discovery Rule" Doctrine; on or about January 25, 2023; and on or about February 20 and 22, 2023.

C. The facts giving rise to these claims are as follows:

### INTRODUCTION

1.) Plaintiff Caleb L. McGillvary ("Plaintiff") immigrated to America from Canada in 2012. He has never been convicted of any crime in Canada. On February 1, 2013, in Fresno, CA, Plaintiff used his camping hatchet to heroically save a crowd of people from a violent white supremacist; who was trying to kill them all. Plaintiff immediately thereafter performed an interview which was broadcast on KMPH FOX News, and declined to perform an interview on any other station ("The Original Video"). The video of this interview went viral, and plaintiff became widely known as "Kai the Hatchet Wielding Hitchhiker"; a legendary folk hero. This video is incorporated herein from its URL, and is sine qua non to understanding what follows:
https://www.youtube.com/watch?v=-Xa0NfCdlk4
Plaintiff subsequently appeared under this widely recognized mark on Jimmy Kimmel Live!, EBaumsworld, and the Gregory Brothers. Plaintiff, who was a homeless street musician at the time, also enjoyed a multitude of fans who invited him to stay with them at their homes.
Plaintiff still enjoys massive esteem, respect, goodwill, and confidence from the millions of people who recognize him for his heroic actions on February 1, 2013.

## INITIAL DEEPFAKE INFRINGEMENTS

2.) On or about October 1, 2021, Defendant Theodor VonKurnatowski ("Defendant"); published a video on his "daughter account" YouTube channel, "Brian Monarch": in which he superimposed his face onto Plaintiff's February 1, 2013 performance; much like sticking a Pepsi label onto a distinctive Coca-Cola bottle. Plaintiff's distinctive voice, body, and garb is clearly displayed in its original form, with Defendant's face exactly copying Plaintiff's entire performance: word for word and expression for expression. Defendant appears to introduce himself as Plaintiff and claim credit for all of Plaintiff's heroic actions. Like an impostor wearing a Marine's Medal of Honor, Defendant appears to describe freeing a hostage from a homicidal lunatic's grasp, saving a crowd of people from being killed, and protecting a woman against a man who attempted to beat her to death in an orchard. Defendant did not alter Plaintiff's performance, body appearance, expressions, or voice: except to knowingly and maliciously plagiarize Plaintiff and assume his identity through imposture ("The Initial Deepfake") The Initial Deepfake on YouTube received 118,000 views to date. The Initial Deepfake on YouTube is annexed hereto from its URL: https://youtu.be/o4CCVEwks3c

3.) On or about March 6, 2022 Defendant republished the Initial Deepfake on Instagram. It has received 1,700,000 views on Instagram to date. The video on Instagram is annexed hereto from its URL: https://instagram.com/p/CaqLPeRDhp-/

4.) On or about June 13, 2022 Defendant republished the Initial Deepfake on TikTok. It has received 1,200,000 views on TikTok to date. The video on Instagram is annexed hereto from its URL: https://tiktok.com/@TheoVon/Video/7108847165212020014?is_copy_url= 1&is_from_webapp=v1&lang=en

5.) A "Mother-Daughter Account" is an enterprise in which an individual and/or his cohorts fraudulently create multiple accounts called "daughter accounts"; whose sole purpose is to create content and engagement that drives up traffic to the "mother account."

6.) Defendant knowingly and maliciously used Plaintiff's image as a thumbnail; and Plaintiff's distinguishing devices and distinctive marks, "Kai the Hitchhiker"; "Kai the Hatchet Wielding Hitchhiker"; and "The Hatchet Wielding Hitchhiker"; to advertise the Video on YouTube, Instagram, and TikTok; and to advertise his YouTube, Instagram, and

TikTok channels; without Plaintiff's consent. A screenshot of these advertisements is attached hereto at "Exhibit A."

7.) On August 13, 2022, Plaintiff sent a letter to Defendant via email, requesting Defendant to permanently remove and cease broadcasting the Video. The letter specifically stated:

"Mr. Von;

It has recently come to my attention that you have republished a video of me; but with your face superimposed over mine. I am told that you've published this video on Instagram and TikTok.

This is to notify you that any such republished videos are in violation of my right of publicity. California Civil Code Section 3344 provides that I have a right to recover the gross revenue from your unauthorized monetization of my voice and likeness. I urge you to consider the legal ramifications of a similar situation:

How do you think Marvel would legally respond if you edited your face onto Spiderman and republished the movie "Spiderman" on your channel, monetized?

Additionally, your aforementioned videos are infringing on my copyright in my performance of the interview contained therein. Strikes under the Digital Millennium Copyright Act could affect your ability to monetize videos in the future.

I hereby request that you remove any such offending videos from all platforms; that you turn over all of the monetization revenue therefrom, which I am entitled to under Cal. Civ. Code 3344, to a fundraiser of my choosing; and that you kindly refrain from violating my right of publicity in the future.

I would prefer to resolve this quickly and amicably.

Very Truly,

/s/

Caleb L. McGillvary

a/k/a "Kai the Hitchhiker"

Date: 8/13/22"

## INITIAL COMPLAINT AND RETALIATION THEREFOR

8.) On or about November 21, 2022, Plaintiff Caleb L. McGillvary ("Plaintiff") sent Defendant Theodor VonKurnatowski ("Defendant") a settlement offer in the above captioned matter, in writing. Affixed to this letter was a copyright notice and an explicit statement that

Plaintiff reserved all his rights therein and that the information contained therein was confidential and not for publication nor broadcast. This letter is incorporated by reference and attached hereto as Exhibit B

9.) On or about January 25, 2023, Defendant filmed and published a motion picture work on his YouTube channel; which is derivative of, and in which he reads from and thereby displays and republishes, the letter in "8". In this video, Defendant indicates that he is being sued by Plaintiff, and for this reason he incites viewers of the video to bully and harass the woman whose life whose life Plaintiff saved on February 1, 2013: by calling her a "thicker little biscuit lady." Defendant, also for said reason, incites viewers of the video to sexually harass and/or threaten or commit sexual violence against Plaintiff in retaliation for his lawsuit against Defendant, by making the slanderous and provably false statement that Plaintiff is a "kind of dude that would just, you know, give you the skirt off his back, you know, or whatever." Defendant's followers and subscribers thereafter did, in fact, harass and threaten Plaintiff in a sexual way; and bully the woman he saved through body-shaming; in specific regard to Plaintiff's lawsuit against Defendant in this Court: going so far as to credibly threaten anal rape and "pay[ing] his cell mate to fuck him." The video and its comments are incorporated by reference herein from the URL "https://youtube.com/watch?v=GZdLINF94LY"

10.) Plaintiff filed his initial complaint in this matter as a verified pleading under 28 USC 1746, and is by that reason expected to testify at and/or provide documents to the Court for and/or attend official proceedings in this civil action. This civil action itself is an Official Proceeding in Federal Court.

11.) As a result of Defendant's publishing of his video in "9"; viewers of the video were incited to comment and message Plaintiff's social media pages to harass him and dissuade him from attending or testifying at the official proceeding in "10". Screenshots of these harassing and dissuasive communications are incorporated by reference and attached hereto as Exhibit C.

## SERVICE OF PROCESS AND RETALIATION THEREFOR

12.) On or about February 9, 2023, Plaintiff's process server served process upon Defendant Theodor VonKrunatowski ("Von"); by personal service at 4405 Lealand Avenue, Nashville, TN

13.) On or about February 20, 2023; created a video inciting harassment of Plaintiff and his process server to dissuade both from attending or testifying at the Federal Official Proceeding of this civil action in US District Court; and to defame Plaintiff; and to infringe upon the copyrights, Lanham Act rights, and/or right of publicity of Plaintiff and to inflict emotional distress upon Plaintiff. The Morgan Video is incorporated by reference herein from its URL: https://youtube.com/watch?v= D979CsSFDJ0

14.) On or about February 20, 2023; as conduct in furtherance of the enterprise "TV" repleaded here from "88" below; Defendant made a video and published it on his YouTube Channel ("The Morgan Video"). In the Morgan Video, Defendant specifically referenced this civil action and Plaintiff, then proceeded to make anti-Semitic and sexually harassive statements inciting his viewers to commit anti-Semitic and/or sexual violence and/or harassment in retaliation for serving process in this matter: "It's definitely been spooky, and yeah the guy came up and served the papers and I thought it was like a Jew. Like a, I don't want to say like a homeless dude, not home, I mean, he was like, yeah. They're sneaky, those process servers get sneaky with it, bro. I thought it was like kind of a game. Like kind of a dude who was being kind of homoerotic or something: because he kind of just an audience but it was hitting on you. I mean, he just like kind of moseyed up. I thought he'd written me a poem or something; and then, uh, yeah. And then he hit me with that. And he kind of like, he didn't give like 'yeah, yeah'; it kind of like, it was just... I don't know, bro, but I'm trying to meet a wife"; and also made anti-Semitic and sexually harassive comments implying that Plaintiff had sent him a "homoerotic sneaky Jew" as a "Valentine", further demeaning the process server by implying he was chattel: "It was almost like a Valentine in a weird way." Also in the Morgan Video, Defendant elicits statements to incite his viewers to make or share more copyright-infringing videos to harass Plaintiff in retaliation for this civil action: "Put it out there on YouTube and it gets retweeted and they say, you know, it's become fact how I mean. How do we, what does the future hold. It, I mean, even now it's like it's I mean, the videos are

6

getting better and better; that now they even have it where you can type in, you know, manifestos and lyrics; and it will spit it out in the person's voice, too. So it doesn't even have to be a recording of them saying, it's just, you know, it's copying of their vocals now and spitting it out." Where the phrases "I mean" and "You Know" imply a secondary meaning to the statements, which directs the viewers to act on the instructions to "retweet" and/or create further deepfake videos infringing upon Plaintiff's rights on YouTube.

15.) On or about February 20, 2023, Defendant's Viewers and fans, as a result of Defendant's video in "13"-"14"; began to comment at and message Plaintiff attempting to dissuade him from attending or testifying at this federal official proceeding. Defendant has control over which comments are displayed on his YouTube videos. The process by which comments are published is that a person writes the comment, clicks a button, and the comment is published to Defendant for approval. Defendant must then either disprove the comment and thereby delete it; or approve the comment which thereby republishes it onto the Video.

## SECOND DEEPFAKE INFRINGEMENT

16.) On or about February 22, 2023, Defendant created a second deepfake video infringing upon Plaintiff's rights ("Arnie Deepfake") on Defendant's daughter account "Brian Monarch"; for the specific purpose of dissuading Plaintiff; through a pattern of harassment and intimidation; from attending, or testifying at, this federal official proceeding; and to infringe upon Plaintiff's copyright in his performance and spoken words underlying the motion picture work which the Arnie Deepfake is an unauthorized derivation of; and to damage or deprive Plaintiff in or of his property- and business-interests in his Dramatic Work and Spoken Words; and to commit wire fraud against YouTube by misrepresentations via clickwrap agreement intended to induce YouTube's reliance thereon to solicit advertisements depriving and injuring Plaintiff of and in his property- and business-interests.

17.) On or about February 22, 2023, as conduct in furtherance of the enterprise "TV"; Defendant published the Arnie Deepfake on Defendant's daughter account "Brian Monarch"; in which Arnold Schwarzenegger ("the Governor")'s face and voice are superimposed upon Plaintiff's performance in the Original Video, implying an

endorsement by Plaintiff's likeness and mannerisms of the enterprise "TV"s and its ongoing pattern of racketeering activity in harassing Plaintiff to dissuade him from attending this official proceeding. Defendant never received permission Plaintiff to make derivative works from his copyrighted dramatic work nor spoken words. The Arnie Deepfake is incorporated by reference herein from its URL: https://youtube.com/shorts/FZvrpt0r3I8?feature=share

18.) As an intended result of the Morgan Video and the Arnie Deepfake; by Defendant described in "13" and "17" acting in conduct in furtherance of the enterprise "TV"; the viewers of the Morgan Video and the Arnie Deepfake were incited thereby and began on or about February 22, 2023: to message and comment at Plaintiff's Facebook blog, harassing him about this civil action and attempting to overwhelm him with links to the Arnie Deepfake and dissuasive comments designed to dissuade Plaintiff from attending or testifying at this federal official proceeding. These comments and messages are incorporated by reference herein as Exhibit D.

## LEGAL CLAIMS
## COUNT 1: FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(a) OF THE LANHAM ACT

19.) Plaintiff is and has been actively searching for opportunities to commercialize his identity, image, and marks; through licensing his marks to film production companies, and through monetizing his YouTube channel and social media platform. Plaintiff is currently licensing use of his voice, name, and likeness to YouTubers "The Gregory Bros." and "Wavy Web Surf" under quality-controlled license agreements.

20.) In February of 2013, Plaintiff quality-control licensed his name, voice, and likeness to Jimmy Kimmel Live! for a single episode; in consideration for a limousine full of marijuana, and an all-expense-paid vacation to Los Angeles in said limousine with a surfboard and wetsuit. The value of the consideration was in excess of $14,000. Plaintiff personally visited the site of production and decided what to say "ON AIR"; thereby quality-controlling the product.

21.) In February of 2013, Plaintiff granted "The Gregory Bros." a quality-controlled license to use his name, voice, and likeness to market their auto-tuned song on YouTube and iTunes; at which point the

plaintiff agreed to visit and inspect the site of production. In April of 2013, at the soonest practicable time pursuant to this agreement, Plaintiff inspected the site of production in Williamsburg, NY; and ascertained that the product was manufactured with superb quality. Plaintiff routinely inspects the product on YouTube and iTunes, only to discover that its original excellent quality remains unchanged. Plaintiff has received and continues to receive licensing fees from the use of his marks; since the moment of initial production to the present; and will continue to do so for the foreseeable future. This has benefitted plaintiff approximately $14,000 so far.

22.) In October of 2018, Plaintiff entered into a quality-controlled license of his name, voice, and likeness and marks with "Wavy Web Surf"; to market his YouTube channel. In lieu of inspecting the site of production, due to impossibility because of plaintiff's incarceration, plaintiff inspected the script of the video and approved it for production. In consideration of this, Wavy Web Surf paid plaintiff the sum of $2,700 and included advertisement of a link to plaintiff's token crowdfunding platform; which raised approximately $11,300 therefrom to date.

23.) Plaintiff also has a YouTube channel, an Instagram Account, and a TikTok account; which are all and each in direct competition with Defendant's, for the same type of product and customers.

24.) From the facts pleaded in "20", "21", and "22" above; the fair market value of plaintiff's endorsement of a video with his name, voice, or likeness or marks; is currently $14,000 per published video.

25.) Plaintiff is famous and widely recognized for his name, voice, likeness, and unregistered marks "Kai the Hitchhiker"; "Kai the Hatchet Wielding Hitchhiker"; "The Hatchet Wielding Hitchhiker"; and "Smash, Smash, Smash!"; and for his distinguishing devices of hairstyle, garb, performance, and body appearance in the February 1, 2013 interview.

26.) Defendant has deprived plaintiff of the fair market value of an endorsement worth $14,000; each time defendant has published the Video.

27.) Defendant has unjustly enriched himself using plaintiff's name, voice, likeness, and marks to advertise his monetized video and channel; thereby acquiring direct proceeds through monetization; and indirect proceeds through the lifetime value of new subscribers; produced by said advertisements, on his YouTube, Instagram, and

TikTok channels. Defendant falsely advertises that by clicking his video, viewers will be directed to a product of Kai the Hatchet Wielding Hitchhiker; which specifically refers to Plaintiff.

28.) Defendant's subscribers on his "Mother Account" YouTube Channel "Theo Von" increased from 632,000 in May of 2020 to 1,200,000 at the time of writing. This increase of approximately 149% resulted from Defendant's use of plaintiff's performance, name, voice, likeness, and marks to advertise his video and channel for the purpose of gaining subscribers.

29.) Defendant also had a commensurate increase in subscribers or followers to his TikTok and Instagram accounts. This increase resulted from Defendant's use of plaintiff's performance, name, voice, likeness, and marks to advertise his video and channel for the purpose of gaining subscribers.

30.) The lifetime value of each of defendant's YouTube subscribers is calculated by the following formula:

[[(Channel total video views per year)/(Average number of subscribers per year)]/[(Average number of subscribers per 1000 views)/1000]]x[(California average life expectancy)-(Defendant's age in years at time of publishing)]x(monetization rate)]= Subscriber Lifetime Value

31.) The lifetime value of each of defendant's Instagram and TikTok subscribers is calculated with the same formula as "30"

32.) Defendant is part of a monetization partnership with YouTube and/or Google AdSense; in which defendant is paid approximately an estimated $3.40 per 1000 video views on each of his monetized videos. This money is generated from advertising, whereby third parties purchase ads which are played before, during, and after videos; which are broadcast to citizens of all 50 states and internationally. Each of these third parties pay YouTube and/or Google from their home state; who in turn apportion defendant an amount of revenue from every thousand of these transactions. This amount is transferred from YouTube and/or Google to defendant's bank account; from which he invests the proceeds in real estate, personalty, and/or other enterprises. These transactions involve federally insured banks and affect interstate commerce.

33.) Defendant has a similar partnership to that described in "32" with Instagram

10

34.) Defendant has a similar partnership to that described in "32" with TikTok

35.) According to socialblade, defendant's YouTube channel has 182,725,133 total video views over the past 16 years; or about an average of 11,300,000 per year. With an average of about 75,000 subscribers, this makes for an average of 151 views per subscriber per year; at an estimated average rate of $3.40 per 1000 views. California's average life expectancy is believed to be 74 years, and Defendant looks about 40; so the estimated lifetime value of defendant's 568,000 new subscribers, resulting from his conduct pleaded in "27" and "28" above and elsewhere in this complaint, is $9,914,780.80.

36.) Defendant's TikTok subscriber increase resulted in a commensurate lifetime value to that pleaded in "35"; an estimated $9,914,780.80

37.) Defendant's Instagram subscriber increase resulted in a commensurate lifetime value to that pleaded in "35"; an estimated $9,914,780.80

## COUNT 2: COPYRIGHT INFRINGEMENT
### Plaintiff's Ownership of Copyright

38.) Plaintiff is the author of the dramatic work and words spoken in the Original video described in "1"; and the legal title to said dramatic work and words spoken vested in Plaintiff at the time the Original Video was made on February 1, 2013. Plaintiff has never assigned nor transferred title to his copyrights. In accordance with 17 USC 411, Plaintiff has registered this work with the Copyright Office on January 20 and February 6, 2023; copies of the registration certificates are incorporated by reference herein as Exhibit E

39.) Plaintiff is the author of the literary work described in "8" adopted by reference from his First Supplemental Complaint in this matter; and the legal title to said literary work vested in Plaintiff at the time the work was made on November 21, 2022. Plaintiff has filed for registration of this work with the Copyright Office on March 26, 2023; a copy of the registration certificate is incorporated by reference herein as Exhibit F

**Defendant's Infringing Initial Deepfake**

40.) Defendant Defendant's Initial Deepfake described in "2"-"4", is an unauthorized derivative work of Plaintiff's Original video described in "1"; which copied, republished, and made a derivative work from Plaintiff's copyright protected work without Plaintiff's permission, infringing upon Plaintiff's exclusive rights under 17 USC 106-113 to copy, publish, and make derivative works from his dramatic work and spoken words, in violation of 17 USC 501.

41.) Defendant's infringement and unauthorized use has had a negative effect on the potential market for or value of Plaintiff's work; by creating the false impression that Defendant is the author of the dramatic work and spoken words; and also by subsequent incitement of viewers of the Initial Deepfake by Defendant to harass or intimidate Plaintiff to dissuade him from enforcing his copyrights, thereby creating the impression in the potential market for Plaintiff's work that the work may be used without payment or permission; whereas before, Plaintiff was commanding $14,000 per use of his work in a YouTube video as described in "19"-"25". Plaintiff was deprived of his fee for use of copyright and revenues for use of the copyright by Defendant, and Defendant was unjustly enriched by the revenues of the copyright material and lifetime value of the subscribers gained thereby, which are described in "26"-"37".

42.) Defendant's use described in "41" of Plaintiff's copyright protected work described in "38" was intended for commercial gain as described in "26"-"37" and "55"-"66"; in the form of the monetization partnership and enterprise therein described; which shows that a meaningful likelihood of future harm exists from Defendant's continued commercial use and unjust enrichment and deprivation of Plaintiff's entitled revenues under 17 USC 504.

**Defendant's Infringing Defamatory Video**

43.) Defendant's Defamatory Video described in "9", is an unauthorized derivative work of Plaintiff's literary work described in "39"; which copied, republished, and made a derivative work from Plaintiff's copyright protected work without Plaintiff's permission, infringing upon Plaintiff's exclusive rights to copy, publish, and make derivative works from his literary work.

44.) Defendant's infringement and unauthorized use has had a negative effect on the potential market for or value of Plaintiff's work; by disparaging the work through the false and defamatory statement that its author, Plaintiff, is "the type of dude who would give you the skirt off his back"; and also by subsequent incitement of viewers of the Defamatory Video by Defendant to harass or intimidate Plaintiff to dissuade him from enforcing his copyrights, thereby creating the impression in the potential market for Plaintiff's work that the work may be used without payment or permission; whereas before, Plaintiff was commanding $14,000 per use of his works in a YouTube video as described in "19"-"25". Plaintiff was deprived of his fee for use of copyright and revenues for use of the copyright by Defendant, and Defendant was unjustly enriched by the revenues of the copyright material and lifetime value of the subscribers gained thereby, which are described in "26"-"37".

45.) Defendant's use described in "43" of Plaintiff's copyright protected work described in "39" was intended for commercial gain as described in "26"-"37", "55"-"65" and "67"; in the form of the monetization partnership and enterprise therein described; which shows that a meaningful likelihood of future harm exists from Defendant's continued commercial use and unjust enrichment and deprivation of Plaintiff's entitled revenues.

## Defendant's Infringing Arnie Deepfake

46.) Defendant's Arnie Deepfake Video described in "16"-"17" above, is an unauthorized derivative work of Plaintiff's Dramatic Work described in "38" above and Spoken Words described in "38" above, underlying his Original video described in "1"; which copied, republished, and made a derivative work from Plaintiff's copyright protected works without Plaintiff's permission, infringing upon Plaintiff's exclusive rights to copy, publish, and make derivative works from his dramatic work and spoken words.

47.) Defendant's infringement and unauthorized use has had a negative effect on the potential market for or value of Plaintiff's work; by creating the false impression plaintiff is not the rightful author of the dramatic work and spoken words; and also by subsequent incitement of viewers of the Arnie Deepfake Video by Defendant to harass or intimidate Plaintiff to dissuade him from enforcing his copyrights,

thereby creating the impression in the potential market for Plaintiff's work that the work may be used without payment or permission; whereas before, Plaintiff was commanding $14,000 per use of his work in a YouTube video as described in "19"-"25". Plaintiff was deprived of his fee for use of copyright and revenues for use of the copyright by Defendant, and Defendant was unjustly enriched by the revenues of the copyright material and lifetime value of the subscribers gained thereby, which are described in "26"-"37".

48.) Defendant's use described in "46" of Plaintiff's copyright protected work described in "39" was intended for commercial gain as described in "27"-"38", "56"-"66" and "69"; in the form of the monetization partnership and enterprise therein described; which shows that a meaningful likelihood of future harm exists from Defendant's continued commercial use and unjust enrichment and deprivation of Plaintiff's entitled revenues.

## COUNT 3: CALIFORNIA RIGHT OF PUBLICITY

49.) Plaintiff repleads "1","21"-"23", and "25" as establishing the commercial value of his name, voice, and likeness.

50.) Plaintiff repleads "2","3","4","6","27"-"29", and "32"-"37"; as establishing non-consensual, unauthorized commercial use of plaintiff's name, voice, and likeness by defendant.

51.) Defendant inaccurately claimed endorsement by recognition of plaintiff's name, voice, and likeness throughout the Video; and through an imposture of Plaintiff's distinctive performance; and by innuendo

52.) Defendant knowingly and maliciously inaccurately claimed endorsement explicitly by appearing to introduce himself as Plaintiff

53.) Plaintiff specifically asserts that defendants claims, actions, and statements in "2"-"4" and "49"-"52" above; knowingly and with malice misrepresented plaintiff's persona; and that defendant did not add any comment, news reporting, educational content, or sufficient transformative artistic expression to render his use anything but blatant plagiarism and identity theft.

54.) Defendant's video has caused loss of revenue from licensing of plaintiff's name, voice, and likeness and marks. It has deprived Plaintiff of his personality's endorsement value; which had been consistently earning him $14,000 per endorsement; and is so actuated by Defendant's fraud as pleaded in "60"-"65" so as to warrant punitive

14

damages. Plaintiff is entitled to gross revenues under Cal Civ Code 3344, which plaintiff repleads as being shown by "26"-"37".

## COUNT 4: FEDERAL CIVIL RICO
### Federal Criminal Copyright Claims

55.) Defendant illegally copied an entire copyright-protected performance and KMPH FOX News interview video of plaintiff; then affixed his own face as a counterfeit label to this video, and advertisements therefor, for the purpose of marketing and trafficking copies of it in interstate commerce. Defendant never received permission form the copyright owners to use the images. His conduct is in violation of 18 U.S.C. 2318, 2319, and/or 2320. Plaintiff has a right to bring civil action against defendant under 18 U.S.C. 2318(e)

56.) Plaintiff was a travelling troubadour and street performer, who earned his living by busking, at the time of his February 1, 2013 interview. Plaintiff created his performance in said interview; and thereafter re-created his performance for adoring fans while busking; receiving generous compensation therefor in the form of paid vacations, cash, and tangible assets. Plaintiff owns the copyright to his performance in the video, and any images extracted therefrom. KMPH FOX News has registered the copyright to the motion picture of Plaintiff's February 1, 2013 performance; although Plaintiff is the director and author thereof, and ownership vested in him; and so KMPH FOX News holds the legal title in constructive trust for Plaintiff, who is the beneficial owner of the registered copyright: and thus has standing to sue for infringement under 17 USC 411, 501 et seq.

57.) Plaintiff repleads "32"-"34" as showing an enterprise

58.) Defendant copied an image of plaintiff's copyrighted performance from the video of the February 1, 2013 interview without authorization; and used the infringing image as a counterfeit label to advertise and sell his audiovisual works in interstate and foreign commerce for the purpose of monetization of his videos and for selling ads in interstate and foreign commerce, knowingly and with malice.

59.) Defendant copied Plaintiff's copyright protected performance from the video of the February 1, 2013 interview without authorization; and used infringing images as counterfeit labels, and affixed counterfeit marks to Plaintiff's performance, to advertise and sell his audiovisual works in interstate and foreign commerce for the purpose of

monetization of his videos and for selling ads in interstate and foreign commerce, knowingly and with malice.

<u>Wire Fraud</u>

60.) Defendant fraudulently represented, through transmission by wire, to TikTok on or about 6/13/22 at or around 12pm; to Instagram on or about 3/6/22 at or around 12pm; and to YouTube on or about 10/1/21 at or around 12pm, and on or about 2/22/23 at or around 12pm: that his videos were in compliance with TikTok, Instagram, and YouTube's terms of service/terms of use; by several clickwrap agreements; which dates and times will be ascertained with certainty through discovery.

61.) Defendant knew the falsity of the his misrepresentation in "60" at the time it was made: because unauthorized reproduction of, or creation of derivative works from, the copyright protected motion picture, underlying sound recording, and/or underlying dramatic work; is a violation of TikTok, Instagram, and YouTube's terms of service and/or terms of use; as is also the fraudulent creation of multiple accounts by the same user, in the context of "mother-daughter accounts."

62.) Defendant intended to defraud TikTok, Instagram, and YouTube of a portion of the monetization revenue from each and every viewer and/or engager and/or subscriber resulting from the clickwrap agreements.

63.) TikTok, Instagram, and YouTube justifiably relied upon Defendant's misrepresentations in "60" to its legal detriment in pursuing advertisements and contracts with advertisers, who also justifiably relied upon said misrepresentations, on said videos: to each pay defendant through transmission by wire and/or a federally insured on or about the 1st of every month since publication at or around 12am bank for the illegal re-publication of Plaintiff's Copyright-protected works; and for the unauthorized reproduction of the copyright-protected motion picture and underlying sound recording and dramatic works; and for the creation and publication of unauthorized derivative works therefrom. The exact date and times of each of these actions will be ascertained with certainty through discovery.

64.) Plaintiff was harmed by the Defendant's actions as pleaded in "26"-"37" and "55"-"63"; in the manner of injuring Plaintiff's business- and property-interests in fees for endorsements and use of his works, and by unjust enrichment of Defendant by depriving Plaintiff of his property

interest in moneys from revenues for his works and derivative works therefrom, at Plaintiff's detriment; and by loss of employment from advertising, endorsement, or other business or property interests because of the impression created by Defendant in interstate commerce that Plaintiff's marks and works can be used without compensation.

65.) Plaintiff repleads "60"-"64" as wire fraud under 18 U.S.C. 1343 and/or bank fraud under 18 U.S.C. 1346 and/or money laundering under 18 U.S.C. 1956.

## Monetary Transactions From Criminally-Derived Property

66.) Plaintiff avers that each transfer of moneys received by Defendant pursuant to the Partnerships in "32"-"34" involved the property of the motion picture works described in "2"-"4" and "16"-"17" which was derived from the violations of 18 USC 2318 and/or 18 USC 1343 pleaded in "55"-"65"; and were each and all acts in violation of 18 USC 1957. Plaintiff was deprived of, and Defendant was unjustly enriched by, these moneys, which represent Plaintiff's property interest in revenues from derivative works based on his copyright protected dramatic work and motion picture work; in furtherance of the Enterprise "TV" in "88".

67.) Plaintiff repleads "32"-"34" from above as showing a monetization partnership between Defendant and YouTube in which Defendant receives money for each motion picture work he uploads and publishes. Plaintiff believes on this information that Defendant engaged in Monetary Transactions involving the motion picture properties in "9" that was derived from the unlawful activity in "9" and "69"; in violation of 18 USC 1957 and in furtherance of the Enterprise "TV" in "88".

68.) Plaintiff repleads "32"-"34" from above as showing a monetization partnership between Defendant and YouTube in which Defendant receives money for each motion picture work he uploads and publishes. Plaintiff believes on this information that Defendant engaged in Monetary Transactions involving the motion picture property in "13" that was derived from the unlawful activity in "14" and "77"; in violation of 18 USC 1957 and in furtherance of the Enterprise "TV" in "88".

## Obstruction Of Justice 18 USC 1503/ Witness Tampering 18 USC 1512
## First Retaliation

69.) As conduct in furtherance of the enterprise in "88", Defendant made and published the video in "9" and statements pleaded in "9" made therein; in an attempt to intimidate or threaten Plaintiff to prevent him from testifying in the official proceeding in "10" in violation of 18 USC 1512(b); and in addition or in the alternative, in an attempt to obstruct, influence, or impede the official proceeding in "10" by creating a climate of sexual violence and harassment against Plaintiff which would affect his custody status and/or safety at NJ State Prison and thereby his ability to litigate, in violation of 18 USC 1512(c); and in addition or in the alternative, in an attempt to harass Plaintiff and a woman whose welfare he, as a matter of record, cares about and thereby hinder, delay, prevent, or dissuade Plaintiff from attending or testifying in the official proceeding in "10".; in violation of 18 U.S.C. 1503 and/or 18 U.S.C. 1512(d)

Plaintiff was harmed by the conduct in "9" and "69" in his property interest in the literary work from which the motion picture was derived, and in being deprived of money from revenues therefor and for derivative works therefrom, which Defendant was unjustly enriched thereby, represented by the transactions in "60"-"65" and "67"; which revenues were injurious to plaintiff's business- and property-interests in his exclusive right to make derivative works from his literary and publish them or his literary work and receive revenues from and affix fees therefor; and also in his right of publicity created by Cal Civ Code 3344, which Defendant deprived Plaintiff of endorsement fee money therefor, and unjustly enriched himself thereby.

70.) As conduct in furtherance of the enterprise in "88", Defendant republished the defamatory and harassive and/or threatening statement, "Hope Kai is getting pounded in the ass", incorporated by reference herein from the URL, "https://youtube.com/watch?v=GZdLINF94LY%lc=UgzTnFdMMbnBlgr4 4Nt4AaABAg"; in an attempt to intimidate or threaten Plaintiff to prevent him from testifying in the official proceeding in "10" in violation of 18 USC 1512(b); and in addition or in the alternative, in an attempt to obstruct, influence, or impede the official proceeding in "10" by creating a climate of sexual violence and harassment against Plaintiff which would affect his custody status and/or safety at NJ State Prison

and thereby his ability to litigate, in violation of 18 USC 1512(c); and in addition or in the alternative, in an attempt to harass Plaintiff and a woman whose welfare he, as a matter of record, cares about and thereby hinder, delay, prevent, or dissuade Plaintiff from attending or testifying in the official proceeding in "10".; in violation of 18 U.S.C. 1503 and/or 18 U.S.C. 1512(d)

71.) As conduct in furtherance of the enterprise in "88", Defendant republished the defamatory and harassive and/or threatening statement, "Pay his cell mate money to fuck him", incorporated by reference herein from the URL, "https://youtube.com/watch?v= GZdLINF94LY%lc=UgwwUqQ-BreUPxfOL894AaABAg"; in an attempt to intimidate or threaten Plaintiff to prevent him from testifying in the official proceeding in "10" in violation of 18 USC 1512(b); and in addition or in the alternative, in an attempt to obstruct, influence, or impede the official proceeding in "10" by creating a climate of sexual violence and harassment against Plaintiff which would affect his custody status and/or safety at NJ State Prison and thereby his ability to litigate, in violation of 18 USC 1512(c); and in addition or in the alternative, in an attempt to harass Plaintiff and a woman whose welfare he, as a matter of record, cares about and thereby hinder, delay, prevent, or dissuade Plaintiff from attending or testifying in the official proceeding in "10".; in violation of 18 U.S.C. 1503 and/or 18 U.S.C. 1512(d)

72.) As conduct in furtherance of the enterprise in "88", Defendant republished the defamatory and harassive and/or threatening statement, "I would say tell him to just go fuck himself, but he's in prison so you know that's already happening", incorporated by reference herein from the URL, "https://youtube.com/watch?v=GZdLINF94LY%lc=UgwosgXOcyQtqtePu lp4AaABAg"; in an attempt to intimidate or threaten Plaintiff to prevent him from testifying in the official proceeding in "10" in violation of 18 USC 1512(b); and in addition or in the alternative, in an attempt to obstruct, influence, or impede the official proceeding in "10" by creating a climate of sexual violence and harassment against Plaintiff which would affect his custody status and/or safety at NJ State Prison and thereby his ability to litigate, in violation of 18 USC 1512(c); and in addition or in the alternative, in an attempt to harass Plaintiff and a woman whose welfare he, as a matter of record, cares about and thereby

hinder, delay, prevent, or dissuade Plaintiff from attending or testifying in the official proceeding in "10".; in violation of 18 U.S.C. 1503 and/or 18 U.S.C. 1512(d)

73.) As conduct in furtherance of the enterprise in "88", Defendant republished the defamatory and harassive and/or threatening statement, "Have fun getting raped by the biggest dick in the block tonight. Sincerely, Theo", incorporated by reference herein from the URL, "https://youtube.com/watch?v=GZdLINF94LY%lc=Ugz3sdUhpQvB4UD VF7p4AaABAg"; in an attempt to intimidate or threaten Plaintiff to prevent him from testifying in the official proceeding in "10" in violation of 18 USC 1512(b); and in addition or in the alternative, in an attempt to obstruct, influence, or impede the official proceeding in "10" by creating a climate of sexual violence and harassment against Plaintiff which would affect his custody status and/or safety at NJ State Prison and thereby his ability to litigate, in violation of 18 USC 1512(c); and in addition or in the alternative, in an attempt to harass Plaintiff and a woman whose welfare he, as a matter of record, cares about and thereby hinder, delay, prevent, or dissuade Plaintiff from attending or testifying in the official proceeding in "10".; in violation of 18 U.S.C. 1503 and/or 18 U.S.C. 1512(d)

74.) As conduct in furtherance of the enterprise in "88", Defendant republished the defamatory and harassive and/or threatening statement, "tell him to go fuck himself... or better yet, get bubba from cell block G to do it", incorporated by reference herein from the URL, "https://youtube.com/watch?v=GZdLINF94LY%lc=UgyO-xtRNCCLwsgwlN14AaABAg"; in an attempt to intimidate or threaten Plaintiff to prevent him from testifying in the official proceeding in "10" in violation of 18 USC 1512(b); and in addition or in the alternative, in an attempt to obstruct, influence, or impede the official proceeding in "10" by creating a climate of sexual violence and harassment against Plaintiff which would affect his custody status and/or safety at NJ State Prison and thereby his ability to litigate, in violation of 18 USC 1512(c); and in addition or in the alternative, in an attempt to harass Plaintiff and a woman whose welfare he, as a matter of record, cares about and thereby hinder, delay, prevent, or dissuade Plaintiff from attending or testifying in the official proceeding in "10".; in violation of 18 U.S.C. 1503 and/or 18 U.S.C. 1512(d)

75.) As conduct in furtherance of the enterprise in "88", Defendant republished the defamatory and harassive and/or threatening statement, "Ain't no way Kai would do that. His cellmate def using him to the fullest", incorporated by reference herein from the URL, "https://youtube.com/watch?v=GZdLINF94LY"; in an attempt to intimidate or threaten Plaintiff to prevent him from testifying in the official proceeding in "10" in violation of 18 USC 1512(b); and in addition or in the alternative, in an attempt to obstruct, influence, or impede the official proceeding in "10" by creating a climate of sexual violence and harassment against Plaintiff which would affect his custody status and/or safety at NJ State Prison and thereby his ability to litigate, in violation of 18 USC 1512(c); and in addition or in the alternative, in an attempt to harass Plaintiff and a woman whose welfare he, as a matter of record, cares about and thereby hinder, delay, prevent, or dissuade Plaintiff from attending or testifying in the official proceeding in "10".; in violation of 18 U.S.C. 1503 and/or 18 U.S.C. 1512(d)

76.) As conduct in furtherance of the enterprise in "88", Defendant republished the defamatory and harassive and/or threatening statement, "I bet Kai's prison nickname is 'shower toy'", incorporated by reference herein from the URL, "https://youtube.com/watch?v=GZdLINF94LY"; in an attempt to intimidate or threaten Plaintiff to prevent him from testifying in the official proceeding in "10" in violation of 18 USC 1512(b); and in addition or in the alternative, in an attempt to obstruct, influence, or impede the official proceeding in "10" by creating a climate of sexual violence and harassment against Plaintiff which would affect his custody status and/or safety at NJ State Prison and thereby his ability to litigate, in violation of 18 USC 1512(c); and in addition or in the alternative, in an attempt to harass Plaintiff and a woman whose welfare he, as a matter of record, cares about and thereby hinder, delay, prevent, or dissuade Plaintiff from attending or testifying in the official proceeding in "10".; in violation of 18 U.S.C. 1503 and/or 18 U.S.C. 1512(d)

## Second Retaliation

77.) As conduct in furtherance of the enterprise "TV", Defendant made and published the video in "13" and statements pleaded in "14" made

21

therein; in an attempt to intimidate or threaten Plaintiff to prevent him from testifying in the official proceeding in "10" in violation of 18 USC 1512(b); and in addition or in the alternative, in an attempt to obstruct, influence, or impede the official proceeding in "10" by creating a climate of sexual violence and harassment against Plaintiff which would affect his custody status and/or safety at NJ State Prison and thereby his ability to litigate, in violation of 18 USC 1512(c); and in addition or in the alternative, in an attempt to harass Plaintiff and a woman whose welfare he, as a matter of record, cares about and thereby hinder, delay, prevent, or dissuade Plaintiff from attending or testifying in the official proceeding in "10".; in violation of 18 U.S.C. 1503 and/or 18 U.S.C. 1512(d)

Plaintiff was harmed by the conduct in "14" and "77" in his property interest in the literary work from which the motion picture was derived, and in being deprived of money from revenues therefor and for derivative works therefrom, which Defendant was unjustly enriched thereby, represented by the transactions in "60"-"65" and "68"; which revenues were injurious to plaintiff's business- and property-interests in his exclusive right to make derivative works from his literary and publish them or his literary work and receive revenues from and affix fees therefor; and also in his right of publicity created by Cal Civ Code 3344, which Defendant deprived Plaintiff of endorsement fee money therefor, and unjustly enriched himself thereby.

78.) As conduct in furtherance of the enterprise in "88", Defendant republished the defamatory and harassive and/or threatening statement, "recent update: he has only made it to the showers getting SMASH SMASH SMAAAASHED", incorporated by reference herein from the URL, "https://youtube.com/watch?v=D979CsSFDJ0&lc=UgzAtalscQut7hhUXyh4AaABAg.9mlFcX9U559mcP7PlUY6J"; which had the implied meaning reasonably understood to be a threat of gang rape of Plaintiff in the prison showers; in an attempt to intimidate or threaten Plaintiff to prevent him from testifying in the official proceeding in "10" in violation of 18 USC 1512(b); and in addition or in the alternative, in an attempt to obstruct, influence, or impede the official proceeding in "10" by creating a climate of sexual violence and harassment against Plaintiff which would affect his custody status and/or safety at NJ State Prison and thereby his ability to litigate, in violation of 18 USC 1512(c); and in addition or in the

alternative, in an attempt to harass Plaintiff and thereby hinder, delay, prevent, or dissuade Plaintiff from attending or testifying in the official proceeding in "10".; in violation of 18 U.S.C. 1503 and/or 18 U.S.C. 1512(d)

79.) As conduct in furtherance of the enterprise in "88", Defendant republished the defamatory and harassive and/or threatening statement, "Theo knows a guy that will take care of Kai for free, because he genuinely enjoys k*lling people"", incorporated by reference herein from the URL, "https://youtube.com/watch?v=D979CsSFDJ0&lc=D979CsSFDJ0&lc=UgzAtalscQut7hhUXyh4AaABAg.9mlFcX9U559m_knGPkBLq"; which had the implied meaning reasonably understood to be a threat of killing Plaintiff in retaliation for this lawsuit; in an attempt to intimidate or threaten Plaintiff to prevent him from testifying in the official proceeding in "10" in violation of 18 USC 1512(b); and in addition or in the alternative, in an attempt to obstruct, influence, or impede the official proceeding in "10" by creating a climate of death threats, violence and harassment against Plaintiff which would affect his custody status and/or safety at NJ State Prison and thereby his ability to litigate, in violation of 18 USC 1512(c); and in addition or in the alternative, in an attempt to harass Plaintiff and thereby hinder, delay, prevent, or dissuade Plaintiff from attending or testifying in the official proceeding in "10".; in violation of 18 U.S.C. 1503 and/or 18 U.S.C. 1512(d)

80.) As conduct in furtherance of the enterprise in "88", Defendant republished the defamatory and harassive and/or threatening statement, "Rumor has it that Kai likes serving time so he can get served to the boys in the yd", incorporated by reference herein from the URL, "https://youtube.com/watch?v=D979CsSFDJ0&lc=UgzAtalscQut7hhUXyh4AaABAg.9mPZE1Z-VgV9mRtBunZ_-c"; which had the implied meaning reasonably understood to be a threat of gang rape of Plaintiff in the prison yard; in an attempt to intimidate or threaten Plaintiff to prevent him from testifying in the official proceeding in "10" in violation of 18 USC 1512(b); and in addition or in the alternative, in an attempt to obstruct, influence, or impede the official proceeding in "10" by creating a climate of sexual violence and harassment against Plaintiff which would affect his custody status and/or safety at NJ State Prison and thereby his ability to litigate, in violation of 18 USC 1512(c); and in addition or in

the alternative, in an attempt to harass Plaintiff and thereby hinder, delay, prevent, or dissuade Plaintiff from attending or testifying in the official proceeding in "10".; in violation of 18 U.S.C. 1503 and/or 18 U.S.C. 1512(d)

81.) As conduct in furtherance of the enterprise in "88", Defendant republished the defamatory and harassive and/or threatening statement, "the milk shake brings Kai to the yard. He was already homeless so he knows the game and his back pu**y resembles a glazed jelly donut", incorporated by reference herein from the URL, "https://youtube.com/watch?v=
D979CsSFDJ0&lc=UgzAtalscQut7hhUXyh4AaABAg.9mPZE1Z-
VgV9mTzQDPFg5c"; which had the implied meaning reasonably understood to be a threat of gang rape of Plaintiff in the prison yard; in an attempt to intimidate or threaten Plaintiff to prevent him from testifying in the official proceeding in "10" in violation of 18 USC 1512(b); and in addition or in the alternative, in an attempt to obstruct, influence, or impede the official proceeding in "10" by creating a climate of sexual violence and harassment against Plaintiff which would affect his custody status and/or safety at NJ State Prison and thereby his ability to litigate, in violation of 18 USC 1512(c); and in addition or in the alternative, in an attempt to harass Plaintiff and thereby hinder, delay, prevent, or dissuade Plaintiff from attending or testifying in the official proceeding in "10".; in violation of 18 U.S.C. 1503 and/or 18 U.S.C. 1512(d)

82.) As conduct in furtherance of the enterprise in "88", Defendant republished the defamatory and harassive and/or threatening statement, "everyone send him letters telling him he's a piece of shit in prison", incorporated by reference herein from the URL, "https://youtube.com/watch?v=
D979CsSFDJ0&lc=Ugzteh7pu6o3A1voagt4AaABAg"; in an attempt to intimidate or threaten Plaintiff to prevent him from testifying in the official proceeding in "10" in violation of 18 USC 1512(b); and in addition or in the alternative, in an attempt to obstruct, influence, or impede the official proceeding in "10" by creating a climate of harassment against Plaintiff which would affect his custody status and/or safety at NJ State Prison and thereby his ability to litigate, in violation of 18 USC 1512(c); and in addition or in the alternative, in an attempt to harass Plaintiff and thereby hinder, delay, prevent, or

24

dissuade Plaintiff from attending or testifying in the official proceeding in "10".; in violation of 18 U.S.C. 1503 and/or 18 U.S.C. 1512(d)

83.) As conduct in furtherance of the enterprise in "88", Defendant republished the defamatory and harassive and/or threatening statement, "Kai catching these hands if I see him panhandling on the streets", incorporated by reference herein from the URL, "https://youtube.com/watch?v= D979CsSFDJ0&lc=Ugx1PVNEOsbkMZboc7F4AaABAg"; which had the implied meaning reasonably understood to be a threat of physical striking and assault of Plaintiff with the hands; in an attempt to intimidate or threaten Plaintiff to prevent him from testifying in the official proceeding in "10" in violation of 18 USC 1512(b); and in addition or in the alternative, in an attempt to obstruct, influence, or impede the official proceeding in "10" by creating a climate of sexual violence and harassment against Plaintiff which would affect his custody status and/or safety at NJ State Prison and thereby his ability to litigate, in violation of 18 USC 1512(c); and in addition or in the alternative, in an attempt to harass Plaintiff and thereby hinder, delay, prevent, or dissuade Plaintiff from attending or testifying in the official proceeding in "10".; in violation of 18 U.S.C. 1503 and/or 18 U.S.C. 1512(d)

84.) As conduct in furtherance of the enterprise in "88", Defendant republished the defamatory and harassive and/or threatening statement, "The only place Kai is hitchhiking too is the prison showers for some fun with the boys", incorporated by reference herein from the URL, "https://youtube.com/watch?v= D979CsSFDJ0&lc=UgxabykkVfVQmY9VHPZ4AaABAg"; which had the implied meaning reasonably understood to be a threat of gang rape of Plaintiff with in the prison shower; in an attempt to intimidate or threaten Plaintiff to prevent him from testifying in the official proceeding in "10" in violation of 18 USC 1512(b); and in addition or in the alternative, in an attempt to obstruct, influence, or impede the official proceeding in "10" by creating a climate of sexual violence and harassment against Plaintiff which would affect his custody status and/or safety at NJ State Prison and thereby his ability to litigate, in violation of 18 USC 1512(c); and in addition or in the alternative, in an attempt to harass Plaintiff and thereby hinder, delay, prevent, or

dissuade Plaintiff from attending or testifying in the official proceeding in "10".; in violation of 18 U.S.C. 1503 and/or 18 U.S.C. 1512(d)

85.) As conduct in furtherance of the enterprise in "88", Defendant republished the defamatory and harassive and/or threatening statement, "Bro if you want me to go to prison and kick his prison pocket, I will. Just let me know bub", incorporated by reference herein from the URL, "https://youtube.com/watch?v= D979CsSFDJ0&lc=UgwD9u_XOgXLEnlvsTJ4AaABAg"; which had the implied meaning reasonably understood to be a threat of committing a felony to get locked up in New Jersey State Prison for the specific purpose of physical striking and assault of Plaintiff; in an attempt to intimidate or threaten Plaintiff to prevent him from testifying in the official proceeding in "10" in violation of 18 USC 1512(b); and in addition or in the alternative, in an attempt to obstruct, influence, or impede the official proceeding in "10" by creating a climate of sexual violence and harassment against Plaintiff which would affect his custody status and/or safety at NJ State Prison and thereby his ability to litigate, in violation of 18 USC 1512(c); and in addition or in the alternative, in an attempt to harass Plaintiff and thereby hinder, delay, prevent, or dissuade Plaintiff from attending or testifying in the official proceeding in "10".; in violation of 18 U.S.C. 1503 and/or 18 U.S.C. 1512(d)

86.) As conduct in furtherance of the enterprise in "88", Defendant republished the defamatory and harassive and/or threatening statement, "Someone in prison need to help him meet GOD sooner", incorporated by reference herein from the URL, "https://youtube.com/watch?v= D979CsSFDJ0&lc=UgycT1ZjyGJ6AuFqvX14AaABAg"; which had the implied meaning reasonably understood to be a threat of someone in prison actively plotting and attempting to kill Plaintiff so he could meet his Maker; in an attempt to intimidate or threaten Plaintiff to prevent him from testifying in the official proceeding in "10" in violation of 18 USC 1512(b); and in addition or in the alternative, in an attempt to obstruct, influence, or impede the official proceeding in "10" by creating a climate of sexual violence and harassment against Plaintiff which would affect his custody status and/or safety at NJ State Prison and thereby his ability to litigate, in violation of 18 USC 1512(c); and in addition or in the alternative, in an attempt to harass Plaintiff and

thereby hinder, delay, prevent, or dissuade Plaintiff from attending or testifying in the official proceeding in "10".; in violation of 18 U.S.C. 1503 and/or 18 U.S.C. 1512(d)

87.) As conduct in furtherance of the enterprise in "88", Defendant republished the defamatory and harassive and/or threatening statement, "Gayboy about to get his head smashed in", incorporated by reference herein from the URL, "https://youtube.com/watch?v=D979CsSFDJ0&lc=UgxsZ3V6Ln-G7kq_Czt4AaABAg"; which had the implied meaning reasonably understood to be a threat of physical striking and deadly assault of the process server; in an attempt to intimidate or threaten Plaintiff and his process server to prevent him from testifying in the official proceeding in "10" in violation of 18 USC 1512(b); and in addition or in the alternative, in an attempt to obstruct, influence, or impede the official proceeding in "10" by creating a climate of sexual violence and harassment against Plaintiff's process server which would affect his ability to serve process, in violation of 18 USC 1512(c); and in addition or in the alternative, in an attempt to harass Plaintiff and his process server and thereby hinder, delay, prevent, or dissuade Plaintiff and his process server from attending or testifying in the official proceeding in "10"; in violation of 18 U.S.C. 1503 and/or 18 U.S.C. 1512(d).

## 18 USC 1964
### The Enterprise "TV"

88.) Plaintiff repleads "27"-"37" and "55"-"68" as showing that Defendant is a person who has formed an enterprise ("TV") with his YouTube, Instagram, and TikTok monetization partnerships, in which he creates and uploads and publishes motion picture works derivative of copyright protected works without authorization, fraudulently in violation of terms of service and making knowingly false misrepresentations to said platforms that he has the full rights to said motion picture works via clickwrap agreements intending to induce reliance thereon; and therefor receives transfers of money in interstate commerce for advertisement revenues attendant thereon.

89.) Plaintiff repleads "55"-"68" from above as showing a racketeering enterprise ("TV") engaging in a number of separate and distinct yet related acts of violations of 18 USC 1343, and a number of related acts

of violations of 18 USC 1957 which number will be ascertained through discovery; in conduct of said enterprise.

## Conduct in Furtherance Of/ Receiving Money From Enterprise
## Initial Deepfake

90.) Defendant engaged in conduct in furtherance of the enterprise "TV" described in "88" by violation of the statutes in "55", "65" and "66", and theft by fraud of advertisers by using false advertising, which forms the pattern of racketeering activity; with the three publishings of the video and each transaction described in "66" each constituting a predicate act: as defined by 18 U.S.C. 1961 and prohibited by 18 USC 1962(c). Defendant himself forms the person and principle; his YouTube, TikTok, and Instagram channels and monetization partnerships form the enterprise; and his investment in maintaining and controlling his Youtube, TikTok, Instagram, and/or Google accounts, financial accounts, business entities, and personal and real properties with the proceeds from his racketeering activities: form the "prohibited activities" as defined by 18 U.S.C. 1962(b). Defendant's receipt of moneys from the monetization partnerships described in "32"-"34" for his racketeering activity described in "55"-"66" form the "prohibited activities as defined by 18 USC 1962(a). Defendant has caused Plaintiff concrete financial loss by depriving him of revenues to his copyright protected dramatic work and motion picture work, and of fees for endorsement, through conduct described in "55"-"66" and in this paragraph, in furtherance of the enterprise "TV". The racketeering activity is likely to recur, as Defendant has shown by repeating his pattern of wire fraud to YouTube with TikTok and Instagram; and by continuing to receive monetary transactions involving criminally-derived property as described in "66". A continuity exists with the threat of further platforms becoming vehicles of Defendant's fraud and transactions involving criminally-derived property; or of similar future frauds and transactions being perpetrated by Defendant on these same platforms. Defendant is therefore liable to Plaintiff for treble damages under 18 U.S.C. 1964.

## First Retaliation

91.) Defendant's conduct in "67" and "69"-"76" in furtherance of the enterprise "TV" in "88"; formed a pattern of racketeering activity, comprised of violations of 18 USC 1503, 18 USC 1512 and 18 USC 1957,

as defined by 18 USC 1961; and prohibited by 1962(c); for which Defendant is liable to Plaintiff for treble damages under 18 USC 1964, which damages of concrete financial loss are pleaded in "69".

92.) Defendant's receiving of moneys as pleaded in "67" from his violations of 18 USC 1957 as pleaded in "67"; in the form of monetary transactions pursuant to the partnership and enterprise described in "88" involving the motion picture work described in "9" which is derived from the pattern of racketeering activity described in "9" and "69"; injured Plaintiff in his business- and property-interests by depriving him of said money which is revenue from his property as pleaded in "39" and "69"; was in violation of 18 USC 1962(a); for which Plaintiff is liable to Plaintiff for treble damages under 18 USC 1964, which damages of concrete financial loss are pleaded in "69".

93.) Defendant's actions and conduct in "67" and "69"-"76" above show that he poses a risk of continued violations of 18 USC 1512 and/or 18 USC 1957 if presented with the opportunity.

<u>Second Retaliation</u>

94.) Defendant's conduct in "68" and "77"-"87" in furtherance of the enterprise "TV" in "88"; formed a pattern of racketeering activity, comprised of violations of 18 USC 1503, 18 USC 1512 and 18 USC 1957, as defined by 18 USC 1961; and prohibited by 1962(c); for which Defendant is liable to Plaintiff for treble damages under 18 USC 1964, which damages of concrete financial loss are pleaded in "77".

95.) Defendant's receiving of moneys as pleaded in "68" from his violations of 18 USC 1957 as pleaded in "68"; in the form of monetary transactions pursuant to the partnership and enterprise described in "88" involving the motion picture work described in "13" and "16" which is derived from the pattern of racketeering activity described in "14", "17" and "77"; injured Plaintiff in his business- and property-interests by depriving him of said money which is revenue from his property as pleaded in "13", "38" and "77"; was in violation of 18 USC 1962(a); for which Plaintiff is liable to Plaintiff for treble damages under 18 USC 1964, which damages of concrete financial loss are pleaded in "77".

96.) Defendant's actions and conduct in "68" and "77"-"87" above show that he poses a risk of continued violations of 18 USC 1343, 18 USC 1503, 18 USC 1512 and/or 18 USC 1957 if presented with the opportunity.

## COUNT 5: DEFAMATION

### First Retaliation

97.) Plaintiff repleads "9" as publication by Defendant of the provably false statement that Plaintiff "would give you the skirt off his back"; which was reasonably understood by viewers of the video; as evidenced by comments incorporated by reference from the URL https://youtube.com/watch?v=GZdLINF94LY" and also by those listed specifically above in "69"-"76"; to imply the provably false statement that Plaintiff dressed or dresses as a woman and invited or invites sexual advances from the viewers specifically in the form of anal sex. Whereas the truth of the matter is that Plaintiff does not dress as a woman, nor has he ever; and Plaintiff has an aversion to anal sex and attendant PTSD from being raped, and has never invited sexual advances for anal sex; and that Plaintiff is in a maximum security prison where such statements are tantamount to inciting sexual assaults. Defendant knew the falsity of his explicit and implicit false statements of fact at the time he made them, or had a reckless disregard for the truth of the matter; and also knew of the situation of Plaintiff being in a situation where the statements would incite sexual violence against Plaintiff; and so Defendant had constitutional malice against Plaintiff when he made the statements.

98.) Defendant made the statements in "9" and republished the statements in "67"-"76" knowing their falsity, or with reckless disregard for their falsity, and knowing and intending that they would expose Plaintiff to hatred, contempt, ridicule, or obloquy; and/or that they would cause him to be shunned or avoided' and/or that they would injure Plaintiff in his occupation as a performer as pleaded in "19"-"24". That the statements did indeed have this effect is evidenced by comments from viewers of the video incorporated by reference from the URL "https://youtube.com/watch?v=GZdLINF94LY" and also as specifically pleaded in "69"-"76" above, and also from screenshots of harassing comments and messages incorporated by reference as Exhibit C.

99.) Defendant's conduct in "97"-"98" harmed Plaintiff through emotional distress and mental anguish proximately caused thereby as pleaded more fully in "105"-"108" below. It also harmed Plaintiff through his monetized YouTube channel dropping in views; and also a loss in prospective economic advantage from licensing and endorsement

fees; proximately caused by the resulting hatred, contempt, ridicule, obloquy, shunning and avoidance, which specific damages are repleaded here from "69"

100.) Plaintiff seeks general damages of $1,000,000.00 against Defendant for slander per se as pleaded in "97"-"99"; or in the alternative, specific damages of the amount of Defendant's depriving Plaintiff of endorsement, advertising, and revenues which amount will be ascertained through discovery, for slander per quod as pleaded in "97"-"99"

## Second Retaliation

101.) Plaintiff repleads "14" as publication by Defendant of the provably false statement that Plaintiff sent a "homoerotic sneaky Jew" to Defendant as a "Valentine"; which was reasonably understood by viewers of the video; as evidenced by comments incorporated by reference from the URL https://youtube.com/watch?v=GZdLINF94LY" and also by those listed specifically above in "77"-"87"; to imply the provably false statement that Plaintiff sent someone to Defendant as a chattel for the purposes of a sexual overture inviting homoerotic advances or actions unto himself. Whereas the truth of the matter is that Plaintiff does not treat any person as chattel nor has he ever; and Plaintiff has an aversion to homoerotic behavior upon himself, and attendant PTSD from being raped, and has never invited sexual advances from Defendant or any of the evident sex predators who comment on Defendant's videos as evidenced in "77"-"87" above and in "69"-"76". Defendant knew the falsity of his explicit and implicit false statements of fact at the time he made them, or had a reckless disregard for the truth of the matter: and so had constitutional malice against Plaintiff when he made the statements.

102.) Defendant made the statements in "14" and republished the statements in "77"-"87" knowing their falsity, or with reckless disregard for their falsity, and knowing and intending that they would expose Plaintiff to hatred, contempt, ridicule, or obloquy; and/or that they would cause him to be shunned or avoided' and/or that they would injure Plaintiff in his occupation as a performer as pleaded in "19"-"24". That the statements did indeed have this effect is evidenced by comments from viewers of the video incorporated by reference from the URL "https://youtube.com/watch?v=GZdLINF94LY" and also as specifically pleaded in "77"-"87" above, and also from screenshots of

harassing comments and messages incorporated by reference as Exhibit D.

103.) Defendant's conduct in "101"-"102" harmed Plaintiff through emotional distress and mental anguish proximately caused thereby as pleaded more fully in "109"-"112" below. It also harmed Plaintiff through his monetized YouTube channel dropping in views; and also a loss in prospective economic advantage from licensing and endorsement fees; proximately caused by the resulting hatred, contempt, ridicule, obloquy, shunning and avoidance, which specific damages are repleaded here from "77"

104.) Plaintiff seeks general damages of $1,000,000.00 against Defendant for slander per se as pleaded in "101"-"103"; or in the alternative, specific damages of the amount of Defendant's depriving Plaintiff of endorsement, advertising, and revenues which amount will be ascertained through discovery, for slander per quod as pleaded in "101"-"103"

## COUNT 6: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### First Retaliation

105.) Defendant candidly admits in his video described in "9" that he had watched a documentary film in which Plaintiff is depicted describing being violently raped as a teenager. The circumstances causing Plaintiff's diagnosis of PTSD were thus admittedly known to Defendant prior to him making said video.

106.) Plaintiff repleads "9", "11", and "69"-"76" as showing Defendant's extreme and outrageous conduct of inciting sexual harassment and threats of sexual violence by evident sex predators against Plaintiff with the intention of causing, or reckless disregard of the probability of causing, emotional distress against Plaintiff triggering rape-related PTSD and thereby harassing or intimidating him in retaliation for; and attempt to hinder, impede, or obstruct, Plaintiff's lawsuit.

107.) Plaintiff has suffered severe or extreme emotional distress proximately caused by Defendant's conduct triggering Plaintiff's PTSD and thereby causing anguish, anxiety, panic attacks, flashbacks, sleep disturbances, and nightmares; for which Plaintiff has needed to seek help from a Mental Health Professional who has documented these symptoms and diagnosed him with acutely triggered PTSD, which was triggered by Defendant's conduct.

108.) Plaintiff requests compensatory damages of $1,000,000.00 against defendant for intentional infliction of emotional distress.

## Second Retaliation

109.) Defendant candidly admits in his video described in "9" that he had watched a documentary film in which Plaintiff is depicted describing being violently raped as a teenager. The circumstances causing Plaintiff's diagnosis of PTSD were thus admittedly known to Defendant prior to him making the Morgan Video.

110.) Plaintiff repleads "13"-"18" and "77"-"87" as showing Defendant's extreme and outrageous conduct of inciting sexual harassment and threats of sexual violence against Plaintiff, and publishing and republishing sexual harassment and threats of death and gang rape, with the intention of causing, or reckless disregard of the probability of causing, emotional distress against Plaintiff triggering rape-related PTSD and thereby harassing or intimidating him in retaliation for; and attempt to hinder, impede, or obstruct, Plaintiff's lawsuit.

111.) Plaintiff has suffered severe or extreme emotional distress proximately caused by Defendant's conduct triggering Plaintiff's PTSD and thereby causing anguish, anxiety, panic attacks, flashbacks, sleep disturbances, and nightmares; for which Plaintiff has needed to seek help from a Mental Health Professional who has documented these symptoms and diagnosed him with acutely triggered PTSD, which was triggered by Defendant's conduct.

112.) Plaintiff requests compensatory damages of $1,000,000.00 against defendant for intentional infliction of emotional distress.

## Punitive Damages

113.) Plaintiff repleads "2"-"112" as showing that Defendant engaged in knowing and intentional tortious and criminal conduct actuated by malice, both constitutional and in the truest sense of the word, with the purpose of subverting a Federal Official Proceeding through bullying Plaintiff and the woman whose life he saved and whom Plaintiff obviously by virtue of such act has an interest in the welfare of: including with credible threats of anal rape designed to trigger Plaintiff's PTSD. Defendant's conduct threatens to undermine the Authority of the Federal Courts with sexually violent mob-lynchings of plaintiffs who petition the government for redress, and cannot be

tolerated in a society ruled by Law and Order. The Court is therefore respectfully urged to award Plaintiff punitive damages against Defendant for the sake of example deterring others who might incite sexual harassment or sexual violence as a means to dissuade someone from petitioning the government for redress; and by way of punishing Defendant for his own malicious conduct in doing so. To this end, Plaintiff requests $100,000,000.00 in punitive damages to reflect the similarity of such egregious and outrageous restraints of petitioning the Court, to restraints of trade and commerce under the Sherman Act 15 USC 1 et seq; and to reflect the severity of, and need for effective deterrent against, the conduct of attempting to subvert Federal Judicial Process with sexual violence; or in the alternative, five times compensatory damages.

## Real Party In Interest

114.) In the alternative, if discovery shows that another individual holds the legal title to the "Brian Monarch" YouTube channel; then Plaintiff avers that the title is held for the use of Defendant and in trust for Defendant; who is the cestui qui trust thereof of beneficial owner of the "daughter account"; and therefore Defendant is the real party in interest.

## Catch-All Clause

115.) Pursuant to the Supreme Court and Ninth Circuit mandates to liberally construe pro se pleadings, if any paragraph of this complaint pleaded as an element of one claim substantiates or bolsters any other claim; then plaintiff adopts it by reference and repleads that paragraph in support of each claim it substantiates or bolsters.

## Equitable Tolling

116.) Plaintiff is unable to directly access the internet. For this reason, Plaintiff only discovered the video through serendipity on August 12, 2022; when a concerned friend alerted him to its existence. He could not have discovered it before this date through due diligence; for the same reason that you can't find a needle in a haystack, if you don't know there's a needle to look for in the first place. Defendant knowingly took advantage of Plaintiff's inability to directly access the internet by knowingly and maliciously failing to provide any notice to Plaintiff of

Defendant's use of Plaintiff's performance, voice, name, and likeness. Equitable principles militate against allowing Defendant to benefit from his wrongdoing in failing to provide notice; especially given the Defendant's knowledge of Plaintiff's inability to discover evidence of the video through any means available to him.

## IV. PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully prays that this Court enter judgment:

117.) Granting Plaintiff a declaration that the acts of defendant described herein are unlawful and tortious; and that the Initial Deepfake described in "2"-"4"; the Defamatory video described in "9", and the Arnie Deepfake described in "16"-"17" each and all infringe upon Plaintiff's exclusive copyrights to the underlying works pleaded herein;

118.) A preliminary and permanent injunction ordering Defendant to remove the Initial Deepfake Video described in "2"-"4" from broadcast; and to cease using Plaintiff's marks, image, or likeness to market Defendant's products; on all platforms;

119.) A preliminary and permanent injunction ordering Defendant to remove the Defamatory Video described in "9" from broadcast on all platforms; and to cease using Plaintiff's marks, image, or likeness to market Defendant's products on all platforms;

120.) A preliminary and permanent injunction ordering Defendant to remove the Morgan Video described in "13"-"14" and the Arnie Deepfake described in "16"-"17" from broadcast on all platforms; and to cease using Plaintiff's marks, image, or likeness to market Defendant's products on all platforms;

121.) Granting plaintiff restitution and/or compensatory damages in the amount of $29,744,342.40 against Defendant for the Lanham Act violations described in "19"-"37", or in the alternative, for the California Right of Publicity violations described in "49"-"54";

122.) Granting plaintiff restitution and/or compensatory damages against Defendant in the amount of gross revenues of broadcast of the Initial Deepfake Video in "2"-"4", the Defamatory Video in "9", and the Arnie Deepfake in "16"; and the lifetime value of the subscribers represented by the views thereof; for the Copyright Infringement in "38"-"48"; which are the gross revenues to which Plaintiff is entitled under 17 U.S.C. 504.

123.) Granting plaintiff restitution and/or compensatory damages against Defendant in the amount of gross revenues of broadcast of the video in "9" for the RICO violations in "69"-"76";

124.) Granting plaintiff restitution and/or compensatory damages against Defendant in the amount of $1,000,000.00 for the defamation in "97"-"100";

125.) Granting plaintiff restitution and/or compensatory damages against Defendant in the amount of $1,000,000.00 for the intentional infliction of emotional distress in "105"-"108";

126.) Granting plaintiff restitution and/or compensatory damages against Defendant in the amount of gross revenues of broadcast of the Arnie Deepfake in "16"; and the lifetime value of the subscribers represented by the views thereof; for the Copyright Infringement in "46"-"48", which are the gross revenues to which Plaintiff is entitled under 17 U.S.C. 504;

127.) Granting plaintiff restitution and/or compensatory damages against Defendant in the amount of gross revenues of broadcast of the Defamatory Video in "9"; and the lifetime value of the subscribers represented by the views thereof; for the Copyright Infringement in "43"-"45", which are the gross revenues to which Plaintiff is entitled under 17 U.S.C. 504;

128.) Granting plaintiff restitution and/or compensatory damages against Defendant in the amount of gross revenues of broadcast of the Morgan Video in "13"-"14" for the RICO violations in "77"-"87";

129.) Granting plaintiff restitution and/or compensatory damages against Defendant in the amount of $1,000,000.00 for the defamation in "101"-"104";

130.) Granting plaintiff restitution and/or compensatory damages against Defendant in the amount of $1,000,000.00 for the intentional infliction of emotional distress in "109"-"112";

131.) Plaintiff also seeks punitive damages in the amount of $100,000,000.00; or in the alternative in the amount of five times compensatory damages.

132.) Plaintiff also seeks nominal damages of $1

133.) Plaintiff also seeks statutory damages under 18 U.S.C. 2318(e)(3) or 18 U.S.C. 2318(e)(4), whichever is greater;

134.) Plaintiff also seeks punitive damages in the amount of $100,000,000.00; or in the alternative in the amount of five times compensatory damages.

135.) Plaintiff seeks that all damages heretofore requested be trebled pursuant to 18 U.S.C. 1964

136.) Plaintiff also asks for any other relief this court deems just, proper, and equitable.

I declare under penalty of perjury that all the documents attached hereto are true and accurate copies of the originals.

I declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the foregoing statements are true and accurate to the best of my knowledge and belief.

Executed this __4TH__ Day of ___MAY___, 2022

Respectfully Submitted,

Caleb L. McGillvary, Pro se
#1222665/SBI#102317G NJSP
Po Box 861 Trenton, NJ 08625-0861

39

## CERTIFICATION OF PRO SE LITIGANT

I, Caleb L. McGillvary, hereby certify that I am representing myself in this action. I certify this petition is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

DATE: 5/4/23

_____
Caleb L. McGillvary

EXHIBIT A









EXHIBIT B

ALL RIGHTS RESERVED.
THIS MESSAGE IS PRIVATE & CONFIDENTIAL, NOT FOR PUBLICATION OR SALE
COPYRIGHT©2022 CALEB L. MCGILLVARY

CALEB L. MCGILLVARY
JAILHOUSE LAWYER #1222665/SBI #1023176
NJSP PO BOX 861
TRENTON, NJ 08625

NOVEMBER 21, 2022

THEODOR C. VONKURNATOWSKI
401 S. BARRINGTON AVE
LOS ANGELES, CA 90049
    RE: MCGILLVARY V. VONKURNATOWSKI
    U.S. DISTRICT COURT — CENTRAL DIST. OF CA
"THEO VON";
    I'VE JUST FILED A LAWSUIT AGAINST YOU BECAUSE OF
YOUR VIDEOS ABOUT ME. ANY DAY NOW, THE U.S. MARSHALLS
WILL KNOCK ON YOUR DOOR & HAND YOU A SUMMONS. IF YOU
TRY TO EVADE SUMMONS, THEY CAN ARREST YOU & CHARGE
YOU WITH CONTEMPT.
    IF YOU WANT TO SETTLE OUTSIDE OF COURT, NOW'S YOUR
CHANCE. CHECK OUT THE RETAINER FEES FOR YOUR LOCAL
LAWYERS. FACTOR IN THE APPEAL TO THE 9TH CIRCUIT.
PROBABLY $15,000 FOR THE DISTRICT COURT, $25,000 FOR
THE APPEAL.
    YOU'LL NEVER GET THAT MONEY BACK.
    I'LL SETTLE FOR WHAT MY COSTS ARE THUS FAR, WHICH
IS APPROXIMATELY $4,000; PLUS WHATEVER YOU MADE OFF
THOSE VIDEOS; BUT ONLY IF YOU TAKE THOSE VIDEOS

PAGE 1 OF 2

ALL RIGHTS RESERVED.
THIS MESSAGE IS PRIVATE & CONFIDENTIAL, NOT FOR PUBLICATION OR SALE
COPYRIGHT © 2022 CALEB L. MCGILLVARY

ABOUT ME DOWN & PROMISE NOT TO MAKE ANY MORE ABOUT ME. IF YOU DO SO, & PUT YOUR PROMISE IN WRITING, I WILL WITHDRAW MY LAWSUIT & WE CAN GO OUR SEPERATE WAYS.

I THINK THIS OFFER IS VERY REASONABLE, ESPECIALLY CONSIDERING THE OUTRAGE I FELT WATCHING YOU TAKE CREDIT FOR MY ACTIONS IN SAVING THOSE PEOPLE.

HAVE A LOOK AT MY INITIAL COMPLAINT AGAINST YOU ON P.A.C.E.R. (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS); BY SEARCHING YOUR NAME ON THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA'S WEBSITE.

I'M A JAILHOUSE LAWYER, SO IT REFLECTS MY +9 YEARS OF LITIGATION EXPERIENCE. ALL I DO IS STUDY LAW.

IF YOU DECIDE TO SETTLE BEFORE PAYING YOUR RETAINER FEES, PLEASE LET ME KNOW AS SOON AS POSSIBLE. IF NOT, SEE YOU IN COURT.

ALL THE BEST,
KAI THE HITCHHIKER

ENCL:
CC: FILE
    ALTERNATE ADDRESS

PAGE 2 OF 2

EXHIBIT C



youtube.com

▼ YouTube

Theo Von is Being Sued By "Kai the Hitchhiker"                    Theo Von is Being Sued By "Kai the Hitchhiker"

Theo Von Clips          Subscribe                                 👍 18K    👎    ⮝ Share    ⬇ Download    …

1.4M views  6 days ago
Excerpt from Back From France | This Past Weekend 427
Full Episode:
Show more

YouTube Comment Search (3808)

˅ Comments:      3714        reload   open   save                              Load all
  Chat replay:    0           reload   open   save                               stop
˅ Transcript video:  94       reload   open   save

                                        ■ Extended search      ˅ Search

(All) Found: 1                                            All        Title     Main ?

Time stamps ↓   Author ↓   ♥ ↓   ✓ ↓   Links ↓   Likes   Replied   Members ↓   Donated ↓   All ↓   Random   ×   ?

                                                                                                          V. Mode

GiantChihuahuaBrand
What a fucking imbecile.... Theo didn't even make the video! Tell him to go fuck himself.. or better yet, get Bubba
from cell block G to do it.





youtube.com

▶ YouTube

Theo Von is Being Sued By "Kai the Hitchhiker"

Theo Von Clips          Subscribe                    👍 18K    💬    ↪ Share    ⬇ Download   ...

1.4M views  6 days ago
Excerpt from Back From France | This Past Weekend 427
Full Episode:
Show more

YouTube Comment Search (380B)

ˇ Comments:        3714         reload  open  save
ˇ Chat replay:     0           reload  open  save
ˇ Transcript video:  94         reload  open  save

                                                              All        ˇ Search

(All) Found: 1

Time stamps ↓   Author ↓    ❤ ↓    ✓ ↓   Links ↓   Likes   Replied   Members ↓   Donated ↓   All ↓   Random   X   ?

■ Extended search        Title    Main ?    All ↓                         V. Mode

                                                                          Load all
                                                                          stop

**Dusty Peppers**
I bet Kai's prison nickname is "shower toy".



(16) Theo Von is Being Sued By   ×   +

↑   ↻   ↻   youtube.com

≡   ▸ YouTube

(Comments) Found: 63

Time stamps ⌄   Author ⌄   ❤ ⌄   ✓ ⌄   Links ⌄   Likes   Replied   Members ⌄   Donated ⌄   All ⌄   Random   ×   ?

Theo Von is Being Sued By "Kat the Hitchhiker"

☐ Extended search   Title   Main ?   V. Mode

**k**

kobalt99
"give you the **skirt** off his back" Hahaha

**Hulki Boi**
"Give you the **skirt** off his back" 😂 😂

**Lucy & Katy ❤**
"Give you the **skirt** off his back" 😂 😂 😂

**Jade Lynn**
GIVE YOU THE **SKIRT** OFF HIS BACK AHAHAHAHHA

Pineapple Juice
Give you his **skirt** AND his back 😂

**D**   De Van Man
Give you the **skirt** off his back haha

**N**   Nick Nolan
Give you the **skirt** off his back! Or whatever.

**L**   Lee Robertson
He'd give you the **skirt** off he's back 😂 😂





(16) Theo Von is Being Sued By...   ×   +

youtube.com

▼ **YouTube**

(Comments) Found: 63

Time stamps ↓–   Author ↓–   ♥ ↓–   ↘ ↓–   Links ↓–   Likes   Replied   Members ↓–   Donated ↓–   All ↓–   Random   ×   ?

Theo Von is Being Sued By "Kat the Hitchhiker"

■ Extended search      Title      Main ?                    ∨ Mode

**Evan Tarrazi**
The type of dude who would give you the skirt off his back....and that's good

**Kurt Augustus**
"kinda dude that would give you the skirt off his back ya know."

au
Don't think I understand the skirt off his back" comment. Still glad I didn't watch this documentary

**Carla E**
Hell, give him another skirt off his back. He's riding the wave. Don't give him anymore credit. Please!

**Gravy Boat**
skirt off his back. Haha. Fuck it bro start dressing like this dude everyday. Problem solved. No worries.

**Roman Soroka**
Theo must be a piss if Shit.  Ohh we already k we that   And it's shirt off your back not skirt

**Katharine Ellen**
"The kind of guy who'll...give ya the skirt off his back, or whatever...that's good, ya know"  I fucking love you, Theo

**Dr. Madthumbz**



(16) Theo Von is Being Sued By...   ×   +

↑   ↺   ⊃   youtube.com

☰   ▼ **YouTube**

Theo Von Is Being Sued By "Kai the Hitchhiker"

(Comments) Found: 63

Time stamps ⌄   Author ⌄   ● ⌄   ✓ ⌄   Links ⌄   Likes   Replied   Members ⌄   Donated ⌄   All ⌄   Random   ×   ?

☐ Extended search ⊙   Title   Main ?   V. Mode

justin rayack
The **skit** off his back 😊 😊 😊 😊 😊 😊 😊

NorCalTim Caldwell
"Give you the **skit** off his back" 😊 😊

Hroudbert Broun
**skit** off your back lmfao you're awesome

MackieEnt
give u the **skit** off his back 😊 😊

DecoyZer0
**skit** off his back is hilarious 😊

Ky Christell
"The **skit** off his back...or whatever" 😊

videodude810
"Give you the **skit** off his back"

Uh si
"Give it the **skit** off his back" 😊 😊 😊



(16) Theo Von is Being Sued By   ×   +

youtube.com

▼ YouTube

Theo Von is Being Sued By "Kai the Hitchhiker"

■ Extended search   Title   Main ?

(Comments) Found  63

Time stamps ↓ ⁻   Author ↓ ⁻   ❤ ⁻ ✔ ↓ ⁻   Links ↓   Likes   Replied   Members ↓ ⁻   Donated ↓ ⁻   All ↓ ⁻   Random   X   ?

V. Mode

**E**
Evan Tarrazi
The type of dude who would give you the **skirt** off his back....and that's good

**Kurt Augustus**
"kinda dude that would give you the **skirt** off his back ya know "

**au**
au
Don't think I understand the **skirt** off his back' comment. Still glad I didn't watch this documentary

**Carla E.**
Hell, give him another **skirt** off his back. He's riding the wave. Don't give him anymore credit. Please!

**Gravy Boat**
**skirt** off his back. Haha. Fuck it bro start dressing like this dude everyday. Problem solved. No worries

**R**
Roman Soroka
Theo must be a piss if Shit.  Ohh we already k we that   And it's shirt off your back not **skirt**

**Katharine Ellen**
"The kind of guy wholl... give ya the **skirt** off his back, or whatever... that's good, ya know" I fucking love you, Theo

Dr. Madthumbz



(16) Theo Von is Being Sued By,     ×     +

youtube.com

**YouTube**

Theo Von is Being Sued By "Kai the Hitchhiker"

☐ Extended search     Title     Main ?

(Comments) Found  63

Time stamps ↓ |˅     Author ↓ |˅     ● |˅     ✓ |˅     Links |˅     Likes     Replied     Members |˅     Donated ↓ |˅     All |˅     Random     ×     ?

V. Mode

360 Fov
THE **SKIRT** OFF HIS BACK

TJ
**Skirt** off his back lol

John Allen
**Skirt** off his back

C·H
**Skirt** off his back· lmao roasted

Celia Tiberi
not the **skirt** off his back

Dan Haugen
**Skirt** off his back lmao

D. Gamboa
**Skirt** off his back is hilarious!

LPGames
The **skirt** off his back... lmao



(16) Theo Von is Being Sued B...   ×   +

youtube.com

Theo Von is Being Sued By "Kat the Hitchhiker"

▼ YouTube

■ Extended search          Title    Main ?

(Comments) Found: 63

Time stamps ↓⁻   Author ↓⁻   ●↓⁻   ✓↓⁻   Links ↓⁻   Likes   Replied   Members ↓⁻   Donated ↓⁻   All ↓⁻   Random   ×   ?

                                                                                                                      V. Mode

John Smith
"The kinda guy that would give you the **skin** off his back"

Lol

Aaron Freedman
The kind of guy that would give you the **skin** off his back

Wake Up Sunshine
"... This virile child... whod give you the **skin** off his back... "

PNUK Shorts
**skin** of his back haha. Mad this. You didn't even make it did you?

Petroleum Zelly
He'll give you the **skin** off his back, and uhhh, yeah that's good

J Adams
He said that dude would give you the **skin** off his back prolly

Justin Libbey
"Kind of dude that would give you the **skin** off his back ya know" shots fired



(16) Theo Von is Being Sued By ×  +

▶ YouTube     youtube.com

Theo Von is Being Sued By "Kal the Hitchhiker"

(Comments) Found: 63          ■ Extended search     Title     Main ?

Time stamps ↓‾   Author ↓‾  ♥ ↓‾  ✓ ↓‾   Links ↓‾   Likes   Replied   Members ↓‾   Donated ↓‾   All ↓‾   Random   ✕   ?

**Baen Baen**
"Give ya the skirt off his back, or whatever.." 👍 👎

**Christian Drymond**
Give you the skirt off his back >? Lmao wtf hah

**gabriowl**
Offer to give them the skirt off of your back? 😂

**Owen Funkhouser**
LOL.... kinda dude that would give ya the skirt off his back..."

**FergaloSanchez**
"Give you the skirt off his back" lmao I love theo

**Eonhunter**
The skirt off his back lmao thats a Rickyism for sure

**Look4Around**
Give you the skirt off his back lol had me rolling

**LawFilmz**
"Type of guy to give you the skirt off his back" 👍 👎 👎





**Alex Slater**

I mean... Theo Von isn't wrong. She probably does enjoy biscuits.



(16) Theo Von is Being Sued B.   ×   +

↑   ↺   ⇨   youtube.com

≡   ▾ YouTube

Theo Von is Being Sued By "Kat the Hitchhiker"

(Comments) Found 64                    ■ Extended search

Time stamps ↓⁻  Author ↓⁻  ♥↓⁻  ✓↓⁻  Links ↓⁻  Likes  Replied  Members ↓⁻  Donated ↓⁻  All ↓⁻  Random  ×  ?

                                                              Title    Main ?                         V. Mode

Ryan Rivera
"Thicker biscuit lady" took me OUT

6ig. zZz
Thicker lil biscuit lady... Deceased  ☒

Marcus Rogers-Kumar
Thicker lil biscuit lady on gawd

PORSCHIFER
This little thicker biscuit lady ! 💀

Megan Marie
"This thicker little biscuit lady" 💮 💮

Placaso Wuicho
Thick biscuit lady I'm dead bruh

Lara Luna
LOL "thicker little biscuit lady" 💮

Veptrix
This guy said biscuit lady 💮



(16) Theo Von is Being Sued By    ×    +

youtube.com

**YouTube**

Theo Von is Being Sued By "Kai the Hitchhiker"

(Comments) Found: 64

Time stamps | ▼    Author | ▼    ❤ | ▼    ✓ | ▼    Links | ▼    Likes    Replied    Members | ▼    Donated | ▼    All | ▼    Random    ×    ?

■ Extended search    Title    Main ?    V. Mode

**Averie Fuke**
lil DISCuit lady 😂 😂 I'm using that one for sure 🔥

photosoupcrunch marjello
idk what DISCuit lady mean but im here for it kang

**Rey Morales**
DISCuit lady should be the only thing in the comments 😂

Blckwilli
Thicker lil DISCuit lady 😂 😂 😂 gotta love them "thick lil DISCuits ladies"

xhildhood
"This thicker DISCuit lady that was gettin attacked or hugged out" this dude 😂😂😂

fatty matty
I hate it when guys try to hug out thick DISCuit ladies. Truly disgusting behavior.

JBleeZy
Thicker lil DISCuit lady. How do you come up with the stuff off the dome?

hemligman
"to save this kinda thicker little DISCuit lady who was getting attacked or hugged out" haha





(16) Theo Von is Being Sued By.   ×   +

youtube.com

▼ YouTube

Theo Von is Being Sued By "Kat the Hitchhiker"

(Comments) Found: 64

Time stamps | ‑   Author | ‑   ♥ | ‑   ✔ | ‑   Links | ‑   Likes   Replied   Members | ‑   Donated | ‑   All | ‑   Random   X   ?

■ Extended search   Title   Main ?   V. Mode

k w
" thicker lil **DISC**uit lady "

smurf
Hugged out
Thicker **DISC**uit lady
I can't stop laughing

arthu perez
Ima say that "luh **DISC**uit lady"

Garble
He saved that thiccer lookin **bisc**uit lady

Tyler Dodge
"Theo von sued by thicker lil **DISC**uit lady"

Rafael -
Thicker little **DISC**uit old lady made me laugh

D
"Thicker lil **DISC**uit lady" 😆 oh theo lol

EXHIBIT D

# Post comments

 



Dude, if you want to convince people that you didn't murder someone, you should probably try and not blow up on social media over comedian doing what a comedian does.

👍 2          👎          💬          ♡          ⋮



Is Kai in the U.S. illegally?

👍 1          👎          💬 1          ♡          ⋮

J

I love Kai, and I dont relly like Theo Von. But who cares? Just relax. I guess it's a way of getting his name out there.. But this goes against what I thought Kai was. I thought he was chill

👍          👎          💬          ♡          ⋮

Thats messed up bra

11:30

◀ Safari

◀   **Kai the Hitchhiker's Blog's post**   •••

~~Losing me on this one~~

18h   Like   Reply   Message   Hide

 **Jeff Renwick**
Peace.... words... ENERGY...rules of
engagement...Be Good!!!!... choose LIGHT...BE
Creed Nation

7h   Like   Reply   Message   Hide

 **Matthew Setters**
Chill Kai. Theo is a great dude. This is a big big L
for you. Looks ultra desperate.

9h   Like   Message   Hide   1 

 **Alicia Elswick**
Matthew Setters, hey, he saved a lady.
Doing more time than pedo's. I would be
extremely desperate.  Idk who Theo is?

2h   Like   Message   Hide

 **Alicia Elswick**
Matthew Setters, ok. He is incarcerated
so if you are a supporter he will see this
and maybe think differently? Idk
enough about it. I just stand behind Kai.
He could be my brother. When I look at
his story it just seems like a miscarriage
of justice. He doesn't need to loose
support. Hopefully, this issue has a
resolution. I just want him freed.

1h   Like   Message   Hide   1 

 Write a reply...

 Write a comment...                      

🏠 Home    👤 Page    ▶ Watch    🔔 Notifications    ☰ Menu

11:30

◀ Safari

◀   Kai the Hitchhiker's Blog's post   •••

have to pay for something someone else
did? That doesn't make sense.

18h   Like   Reply   Message   Hide   2 

 🎤 Author
**Kai the Hitchhiker's Blog**
Brian Ray He posted the video to his
tiktok and instagram its just a copout
shifting the blame

18h   Like   Reply   3 

**Alicia Elswick**
Brian Ray, he is using Kai's image for
clicks? Somehow monetizing on HIS
story. That is the definition of copyright
infringement.

2h   Like   Reply   Message     · 1
Hide

**Alicia Elswick**
Kai the Hitchhiker's Blog, the people
who just leave laugh emoji's are bots or
just trying to get something started?
Idk. It used to bother me.

2h   Like   Reply   Message    · 1
Hide

 ( Write a reply... )

**Matthew Setters**
Kai the Hitchhiker's Blog don't be a little hoe
man. He didn't even make it.

9h   Like   Reply   Message   Hide

 ( Write a comment...      )

         
Home        Page        Watch      Notifications   Menu



**Belle Boa**

Lmao 😅 all theo did was share a clip. Get a grip 😅 all you people follow this random dude who's in jail now.. for what? That's just how theo talks he's a comedian ffs. Also taoism isn't pronounced with the T it's actually pronounced Dow.. obviously not following it correctly 😅



**Shane Babb**

Leave Theo Von alone... weirdo



**Landon Michael Stalker**

You really suing Theo Von? That's some hoe shit.

Just now    Like    Reply    Message    Hide



Richard Murphy • 1d ago
Why are you suing Theo Von?

Richard Murphy • 1d ago
You're a convict not a celebrity



Jayy B Drake
Don't sue Theo Von.



Cokey Barajas

https://fb.watch/jSfaXDlzbC/...

17 others also commented

1d





Cokey Barajas

https://fb.watch/jSfaXDlzbC/...

1 other also commented

1d





Cokey Barajas

https://fb.watch/jSfaXDlzbC/...

5 others also commented



1d



Feb 19 · 19 reactions · 6 comments



**Cokey Barajas**

https://fb.watch/iSfaXDlzbC/?mibextid=v7YzmG

1d    Like    Reply

Home

Watch

Page

Notifications

Menu





12:26

Official Kai the Hitch...



**Craig Haleman** shared a **post**.

1d · 🌐

Kai Schwarzenegger!😂😂😂



**lbj Moon**

3d · 🌐

😂😂😂






Home


Watch


Page


Notifications


Menu



**Ray Copley**
commented: DROP THE LAWSUIT ON
THEO AND YOU WOULD HAVE MORE
SUPPORT 😄



Kimmel live, then arrested and incarcerated for 10 years

EXHIBIT E

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## PA 2-398-110

**Effective Date of Registration:**
January 20, 2023
**Registration Decision Date:**
February 23, 2023

## Title

|  |  |
|---|---|
| **Title of Work:** | Smash, Smash, SUH-MASH! |

## Completion/Publication

|  |  |
|---|---|
| **Year of Completion:** | 2013 |
| **Date of 1st Publication:** | February 01, 2013 |
| **Nation of 1st Publication:** | United States |

## Author

|  |  |
|---|---|
| **Author:** | Caleb McGillivary |
| **Author Created:** | words spoken by the interviewee |
| **Citizen of:** | Canada |
| **Year Born:** | 1988 |

## Copyright Claimant

|  |  |
|---|---|
| **Copyright Claimant:** | Caleb McGillivary |
|  | NJSP P.O. Box 861, #102317G, Trenton, NJ, 08625 |

## Certification

|  |  |
|---|---|
| **Name:** | Caleb McGillivary |
| **Date:** | January 20, 2023 |

|  |  |
|---|---|
| **Correspondence:** | Yes |

# Certificate of Registration





This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## PA 2-398-664

**Effective Date of Registration:**
February 06, 2023
**Registration Decision Date:**
February 27, 2023

---

## Title

**Title of Work:**  Smash, Smash, SUH-MASH!

## Completion/Publication

**Year of Completion:**  2013
**Date of 1st Publication:**  February 02, 2013
**Nation of 1ˢᵗ Publication:**  United States

## Author

• **Author:**  Caleb McGillivary
**Author Created:**  text, Dramatic work
**Citizen of:**  Canada
**Domiciled in:**  United States
**Year Born:**  1988
**Year Died:**  1988

## Copyright Claimant

**Copyright Claimant:**  Caleb McGillivary
NJSP P.O. Box 861, #102317G, Trenton, NJ, 08625, United States

## Certification

**Name:**  Caleb McGillivary
**Date:**  February 06, 2023



LEGAL Mail

AGR

CLERK
US DIST. CT. – C.D. CA
255 E. TEMPLE ST,
Room 180
Los Angeles, CA
90012

USSP PO Box 861
TRENTON, NJ
08625

RECEIVED
CLERK U.S. DISTRICT COURT

MAY 12 2023

CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

