ARTHUR PETROUSIAN, ESQ. (SBN 270358)
Email:     *apetrousian@forthepeople.com*
MORGAN & MORGAN, LOS ANGELES, LLP
633 West Fifth Street, Suite 220
633 West Fifth Street, Suite 2652
Telephone:  (213) 787-8590
Facsimile:   (213) 418-3983

Attorney(s) for Defendant(s)
THEODOR VONKURNATOWSKI

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB L. MCGILLVARY,<br>    Plaintiff(s),<br><br>  vs.<br><br>THEODOR VONKURNATOWSKI,<br>    Defendant(s) | Case No. 2:22-cv-8587-FLA-AGR<br><br>DEFENDANT THEODOR VONKURNATOWSKI"s  MOTION TO RE-OPEN & VACATE DEFAULT ON THE BASIS OF MISTAKE, INADVERTENCE, SURPRISE, OR EXCUSABLE NEGELECT (FRCP 60(b)(1)), OR IN THE ALTERNATIVE PURSUANT TO FRCP 60(b)(6)<br><br>HEARING DATE: August 11, 2023<br>HEARING TIME:1:30 p.m.<br>JUDGE: Hon. Fernando L. Anelle-Rocha<br>COURTROOM: 6B |

1

## TABLE OF CONTENTS

NOTICE OF MOTION & RELIEF SOUGHT ........................................................4

POINTS & AUTHORITIES ..................................................................................4

    A.   INTRODUCTION................................................................................5

    B.   FACTUAL BACKGROUND ...........................................................6

    C.   THE DEFAULT SHOULD BE SET ASIDE DUE TO DEFENDANT'S ATTORNEY'S MISTAKE, INADVERTANCE, SURPRISE, OR EXCUSABLE NEGLECT, OR IN THE INTERSTS OF JUSTICE.................................................................7

        1. Finality of Judgments .................................................................9

        2. Prejudice to Plaintiff....................................................................9

        3. Reason for Delay ........................................................................9

    D.   CONCLUSION ................................................................................ 10

# TABLE OF AUTHORITIES

**Cases:**

Ashford v. Steuart,
    657 F.2d 1053 (9th Cir. 1981) ........................................................................8

Engleson v. Burlington N.R.R. Co.,
    972 F.2d 1038 (9th Cir.1992) .........................................................................8

Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.,
    375 F.3d 922 (9th Cir. 2004) .........................................................................8

Greenawalt v. Stewart,
    105 F.3d 1268 (9th Cir. 1997) .......................................................................8

In re Williams,
    287 B.R. 787 (B.A.P. 9th Cir. 2002) .............................................................8

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,
    507 U.S. 380 (1993)........................................................................................7

TCI Group Life Ins. Plan v. Knoebber,
    244 F.3d 691(9th Cir. 2001) ................................................................. 7, 8, 9

**Statutes:**

Fed. R. Civ. Pro 12................................................................................................. 5,7

Fed. R. Civ. Pro. 55............................................................................................... 7

Fed. R. Civ. Pro. 60............................................................................................... 7, 8

## NOTICE OF MOTION & RELIEF SOUGHT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on August 11, 2023, at 1:30 p.m., or as soon thereafter as the parties may be heard, the Defendant THEODOR VONKURNATOWSKI will move the Court at the United States Courthouse located at First Street Courthouse, 350 W. 1st Street, Los Angeles, CA. 90012 - Courtroom 6B, 6th Floor, as follows:

- That the Court vacate the default entered against Defendant THEODOR VONKURNATOWSKI order on the basis of "mistake, inadvertence, surprise, or excusable neglect" (FRCP 60(b)(1)), or in the alternative pursuant to FRCP 60(b)(6), and permit the Defendant file a responsive pleading and pursue this action on its merits.
- Defendant THEODOR VONKURNATOWSKI requests a thirty (30) day extension to file a responsive pleading to the Plaintiff's Second Amended Complaint

Pursuant to Local Rule 7-3, Defendant states that Plaintiff CALEB L. MCGILLVARY is currently incarcerated in New Jersey State Prison in Trenton, New Jersey. Plaintiff has been incarcerated therein since his May 16, 2013 conviction for murder charges stemming from his killing of a 73 year old New Jersey attorney named Joseph Galfy. As such, Mr. McGillvary is unable to receive telephone calls or email and is only able to receive communicate via U.S. mail.

This motion is based on the following documents: this Notice of Motion and the attached Points & Authorities; the Declaration of Arthur Petrousian, Esq., filed herewith; and all other papers, documents, or exhibits on file or to be filed in this action, and the argument to be made at the hearing on the motion.

/ /

/ /

## POINTS & AUTHORITIES

A.   INTRODUCTION

On or about May 12, 2023, Plaintiff CALEB L. MCGILLVARY filed and served his handwritten Second Amended Complaint. The Plaintiff serves handwritten documents and notes as he is currently incarcerated in a federal prison in New Jersey. (Dec. Petrousian, ¶ 3). On or about May 16th, 2023 Defendant's counsel had a death in his family and was out of the office for an extended period. (Dec. Petrousian, ¶ 4). During this time period, Morgan & Morgan, Los Angeles, LLP was in the process of relocating to a new office. As such, the majority of the staff was in the process of moving from the old location to the new location. (Dec. Petrousian, ¶ 5). It was during this transition and the attorney's leave that the mailed, handwritten Second Amended Complaint was sent to the old address, then forwarded to the new address. (Dec. Petrousian, ¶ 6). There was a delay in receiving and processing the Second Amended Complaint due to the circumstances described herein. (Dec. Petrousian, ¶ 7). Additionally, as the envelope was handwritten, it was assumed to be a personal letter for Counsel and was not opened by staff and simply left in his inbox. (Dec. Petrousian, ¶ 6, 7).

As the Court may recall, Defendant filed a FRCP 12 (b) motion as Plaintiff's original complaint failed to state a recoverable claim, among other things. It was Defendant's intention to file another FRCP 12(b) Motion to Dismiss as the Second Amended Complaint is also fatally flawed. (Dec. Petrousian, ¶ 8). Upon returning to the office, Counsel reviewed the Court's docket and noticed a default had been entered against Defendant during his bereavement leave. Due to the series of events described above, the date for the reply was not calendared on the firm calendar or handling counsel's calendar. (Dec. Petrousian, ¶ 9).

Defendant THEODOR VONKURNATOWSKI is without fault in the failure to timely respond to the Second Amended Complaint. (Dec. Petrousian, ¶ 10).  Counsel for Defendant undertook the drafting of the instant motion seeking relief on behalf of Defendant as soon as practicable upon learning of the default entry.  Defendant respectfully requests the Court set aside the default and grant an extension of time of thirty (30) days be granted for Defendant to file his responsive papers to the Second Amended Complaint.

**B.    FACTUAL BACKGROUND**

Plaintiff CALEB L. MCGILLVARY is currently incarcerated in New Jersey State Prison in Trenton, New Jersey.  Plaintiff has been incarcerated therein since his May 16, 2013 conviction for murder charges stemming from his killing of a 73 year old veteran and New Jersey attorney named Joseph Galfy.  A jury found him guilty of first-degree murder, and he was sentenced to 57 years in prison. He is to serve 85 percent of that term (roughly 43.5 years, after accounting for the five years of pre-trial confinement) before the possibility of parole, with the judge telling McGillvary, "when you become eligible for parole, you will still be younger than Mr. Galfy was when you murdered him". Galfy was 73 at the time of his death.  The judge also stated during trial:  'You are crafty, cunning, disingenuous and manipulative.  You are a powder keg of explosive rage." (RJN: ).  Plaintiff McGillvary appealed the conviction, alleging 15 instances of "misconduct, abuse of discretion, and ineffectiveness of defense counsel", but the murder conviction was upheld by the New Jersey Appellate Court in August 2021.  Any assertions that Plaintiff is entitled to an equitable tolling of the statute of limitations because he is a "hero" who was acting in self-defense are moot.  He has been repeatedly found to have been properly convicted for first-degree murder.

Plaintiff does not and cannot have any "rights" to the video clip in question as he was not the original publisher of the video clip.  Mr. MCGILLVARY has no standing to

bring any causes of action arising from Defendant pasting his own likeness over the face of Plaintiff on the video in question since Plaintiff does not own the video clip.  Plaintiff fails to allege, nor can he, that he has a trademark, copyright or other such registration in either the clip or his likeness that is applicable to any of the rambling allegations made in his complaint.  Being paid a "limousine full of marijuana" is not the same as filing for a trademark or copyright to "protect your brand."  Furthermore, as Plaintiff admitted in the original complaint, the Defendant's video clip in question was edited and altered to be a satire of the original.  Plaintiff, despite his violent actions that garnered his initial 15 minutes of fame, has continually sought to make himself a public figure, as outlined in his original complaint. A recent Netflix documentary was released regarding the rise and fall of "Kai the Hatchet Wielding Hitchhiker."  Given Plaintiff is famous for beating someone about the head with a machete and for murdering an attorney, it also cannot be said that Defendant posting a video meant as a joke on the internet is in any way diminishing Plaintiff's "brand."  Further, Plaintiff does not own the video in question.  If anyone does, it is KMPH FOX who conducted the interview and broadcast it creating Plaintiff's "legendary folk hero" persona.  This entire lawsuit is baseless and the Court should set aside the default and permit Defendant to file a FRCP 12(b)(6) motion to the Second Amended Complaint.

### C. THE DEFAULT SHOULD BE SET ASIDE DUE TO DEFENDANT'S ATTORNEY'S MISTAKE, INADVERTANCE, SURPRISE, OR EXCUSABLE NEGLECT, OR IN THE INTERSTS OF JUSTICE

The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).  (FRCP 55 (c)).  Federal Rule of Civil Procedure 60(b) allows a final judgment to be vacated on the basis of "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. Proc. 60(b)(1), or for "any other reason that justifies relief." Fed. R. Civ. Proc. 60(b)(6). A motion to vacate under Rule 60(b)(1) must

be brought within a year of the judgment being entered—a deadline easily met in this case. A motion under Rule 60(b)(6) is subject to no hard and fast deadline; the motion must simply be "made within a reasonable time," Fed. R. Civ. Proc. 60(c)(1), a deadline also met in this case.

The default in this case is the very definition of "surprise" when it comes to the Plaintiff, or at the very least of "excusable neglect." This latter "concept, the Supreme Court has made clear, is a general equitable one, not necessarily reserved for extraordinary circumstances, and takes account of factors such as 'prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

"Excusable neglect is an equitable concept that takes account of factors such as 'prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 927 (9th Cir. 2004) (affirming denial of Rule 60 (b)(1) motion to set aside default judgment); see also Engleson v. Burlington N.R.R. Co., 972 F.2d 1038, 1043 (9th Cir.1992) (articulating that "[t]o qualify for equitable relief under Rule 60(b)(1), the movant must demonstrate ... excusable neglect" and noting "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)") (citation and internal quotation marks omitted) (emphasis added).

Relief from defaults are often granted under Rule 60(b)(1) where there is good cause. As the Ninth Circuit has held,

Rule 60(b) is "remedial in nature and … must be liberally applied." Falk v.

Allen, 739 F.2d 461, 463 (9th Cir. 1984) (*per curiam*). More specifically, in applying the general terms of Rule 60(b) to default judgments, this Court has emphasized that such judgments are "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk, supra, 739 F.2d at 463. Put another way, where there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute. TCI Group Life Ins. Plan, 244 F.3d at 695-96.

To obtain relief under Rule 60(b)(6), Defendant's motion must be filed within a reasonable time. Fed. R. Civ. P. 60(c)(1). The Ninth Circuit has held that determining whether a motion to obtain relief under Rule 60 is filed within a reasonable time requires a case-by-case analysis. In re Williams, 287 B.R. 787, 793 (B.A.P. 9th Cir. 2002) (citing Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981)). In making the determination, the court should take "into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." Ashford, 657 F.2d at 1055. "Relief under section 60(b)(6) is reserved for 'extraordinary circumstances[,]' " id., and "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment[,]" Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).

1.  Finality of Judgments

The Ninth Circuit has held that "where there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute. TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001), as amended on denial of reh'g and reh'g *en banc* (May 9, 2001). This does not mean that the moving party is absolved of demonstrating that the interest in deciding the

case on the merits prevails over the important interest in finality of judgments. Id. at 696. Plaintiff bears the burden of demonstrating that the factors favoring deciding the case on the merits favors vacating the judgment. Id.

    Plaintiff has presented evidence and/or argument that the interest in finality of judgments weighs in favor finding that she filed this motion within a reasonable time. This matter was not disposed of upon the actual merits of the case. Plaintiff did not get to present her evidence and argument to support her claims for injuries and damages. This was an unfortunate series of events that essentially robbed Plaintiff of her "day in court." As such it would be appropriate for the finality of judgments to yield to the interests of having Plaintiff's case heard on its actual merits.

    2. Prejudice to Plaintiff

    The prejudice to Defendant far outweighs any prejudice to the Plaintiff. The default was entered less than two weeks ago. This motion was filed in a reasonable time. As outlined in Defendant's prior FRCP 12(b) Motion to Dismiss, and as is stated above, the allegations against Defendant are frivolous, not grounded in fact or law, or are otherwise unactionable. In comparison, Defendant would be greatly prejudiced by not having his day in Court to present his defenses fully.

    3. Reason for Delay

    As stated above, there were numerous factors which led to Defendant not filing a responsive pleading to Plaintiff's Second Amended Complaint, including a death in Counsel's family, the moving of an office, and the mistaking of the handwritten envelope as being a personal correspondence for Counsel.

/ / /
/ / /
/ / /
/ / /
/ / /

/ / /

### D. CONCLUSION

The Court, for the reasons set forth above, should grant Defendant's motion. The failure to file a responsive pleading was not willful nor was it inexcusable. It was series of events out of Defendant's control. Defendant further requests the Court grant Defendant a thirty (30) day extension to file a responsive pleading to Plaintiff's Second Amended Complaint.

Dated: June 29th, 2023          MORGAN & MORGAN, LOS ANGELES, LLP

By: /s/ *Arthur M. Petrousian, Esq.*
 ARTHUR M. PETROUSIAN
Attorney(s) for Defendant(s)
Theodore Vonkurnatowski

# CERTIFICATE OF SERVICE

I, the undersigned declare that I am over the age of 18 years and not a party to the within action or proceeding. I am employed in and am a resident of Los Angeles County where the mailing occurs; and my business address is 633 West Fifth Street, Suite 2652, Los Angeles, CA 90071 ......................................................................................................

On June 29th 2023, I caused to be served a true and correct copy of the foregoing document, DEFENDANT THEODOR VONKURNATOWSKI"s MOTION TO RE-OPEN & VACATE DEFAULT ON THE BASIS OF MISTAKE, INADVERTENCE, SURPRISE, OR EXCUSABLE NEGELECT (FRCP 60(b)(1)), OR IN THE ALTERNATIVE PURSUANT TO FRCP 60(b)(6), on the interested parties in this action as follows: I served this document upon all appearing parties via Electronic Filing through the Court's electronic filing system based on a court order or an agreement of the parties to accept service by electronic transmission, and also at the electronic mail addresses listed below.  Except for Plaintiff CALEB L. MCGILLVARY who is currently incarcerated in New Jersey State Prison in Trenton, New Jersey and was, therefore, served the moving papers via U.S. mail.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  Executed on June 29th 2023, at Los Angeles, California.

/s/ *Arthur M. Petrousian, Esq.*
ARTHUR M. PETROUSIAN

**SERVICE LIST**

| Caleb L. McGillvary<br>SBI 000102317G<br>New Jersey State Prison<br>PO Box 861<br>Trenton, NJ 08625 | *PRO SE PLAINTIFF* |
|---|---|