JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB L. MCGILLVARY,<br><br>        Plaintiff,<br><br>    v.<br><br>THEODOR VONKURNATOWSKI,<br><br>        Defendant. | Case No. 2:22-cv-08587-FLA (AGRx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE [DKT. 84]** |

1

## RULING

Before the court is Defendant Theodor Vonkurnatowski's ("Defendant") Motion to Dismiss the Second Amended Complaint ("Motion"). Dkt 84 ("Mot."). Plaintiff Caleb McGillvary ("Plaintiff") opposes the Motion. Dkt. 95. On October 24, 2023, the court found the Motion appropriate for resolution without oral argument and vacated the hearing set for November 3, 2023. Dkt. 92; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court GRANTS Defendant's Motion and DISMISSES Plaintiff's Second Amended Complaint (Dkt. 59, "SAC") without prejudice.

## BACKGROUND[1]

On February 1, 2013, Plaintiff was interviewed and videotaped by a local news outlet ("KMPH") for a detailed recounting of an incident in which he struck a hitchhiker with a hatchet, after the hitchhiker attacked a female bystander. SAC ¶ 1. KMPH posted the video online, which gained significant viewership and traction ("KMPH Video"). *Id.* Plaintiff subsequently appeared on several news and entertainment shows to speak about the incident and his distinctive performance in the KMPH Video. *Id.*

On or about October 1, 2021, Defendant published a video to his YouTube channel ("Defendant's Video"), in which he seamlessly superimposed his face onto KMPH's Video of Plaintiff. *Id.* ¶ 2. Plaintiff alleges his "distinctive voice, body, and garb is clearly displayed in its original form," but that "Defendant's face" copied "Plaintiff's entire performance … Defendant appears to introduce himself as Plaintiff

---

[1] For purposes of the subject Motion, the court treats the following factual allegations as true. *Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). Legal conclusions, however, "are not entitled to the assumption of truth" and "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

2

and claim credit for all of Plaintiff's heroic actions." *Id.* Defendant re-published his video on Instagram on March 6, 2022, and on TikTok on June 13, 2022. *Id.* ¶¶ 3, 4.

On August 13, 2022, Plaintiff alleges he sent Defendant a letter requesting the video be removed from all social media platforms, and on November 21, 2022, sent Defendant a settlement offer. *Id.* ¶¶ 7, 8. According to Plaintiff, Defendant "filmed and published a [video] on his YouTube channel … in which he reads from and thereby displays and republishes the letter[.]" *Id.* ¶ 9. Plaintiff then commenced this lawsuit in *pro se* on November 21, 2022. Dkt. 1.[2] Following the initiation of this action, on February 22, 2023, Plaintiff alleges Defendant created and posted a second video, in which Defendant superimposed Arnold Schwarzenegger's "face and voice … upon Plaintiff's performance in the [KMPH] Video[.]" SAC ¶ 18.

Plaintiff brings claims for copyright infringement, false designation of origin, violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act, defamation, intentional infliction of emotional distress, and violations of his right of publicity, claiming Defendant "knowingly and maliciously plagiarize[d] Plaintiff and assume[d] his identity through imposture," and "used Plaintiff's distinguishing devices and distinctive marks … to advertise the Video on YouTube, Instagram, and TikTok … without Plaintiff's consent." *Id.* ¶¶ 2, 6.

## I.     Legal Standard

Under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"), a party may file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." The purpose of Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of claims asserted in a complaint. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). A district court properly dismisses a claim under Rule

---

[2] Plaintiff is currently serving a prison term in New Jersey for an unrelated murder. Mot. at 8.

1  12(b)(6) if the complaint fails to allege sufficient facts "to support a cognizable legal
2  theory." *Caltex Plastics, Inc. v. Lockheed Martin Corp*, 824 F.3d 1156, 1159 (9th Cir.
3  2016).
4       "To survive a motion to dismiss, a complaint must contain sufficient factual
5  matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,
6  556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
7  (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it
8  asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*
9  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
10 detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his
11 'entitlement to relief' requires more than labels and conclusions, and a formulaic
12 recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555
13 (internal citations omitted).
14      "Factual allegations must be enough to raise a right to relief above the
15 speculative level." *Id.* (internal citations omitted). "Determining whether a complaint
16 states a plausible claim for relief is 'a context-specific task that requires the reviewing
17 court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*,
18 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). When evaluating
19 a complaint under Rule 12(b)(6), the court "must accept all well-pleaded material
20 facts as true and draw all reasonable inferences in favor of the plaintiff." *Caltex*, 824
21 F.3d at 1159; *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th
22 Cir. 2008) ("We accept factual allegations in the complaint as true and construe the
23 pleadings in the light most favorable to the nonmoving party."). Legal conclusions,
24 however, "are not entitled to the assumption of truth" and "must be supported by
25 factual allegations." *Iqbal*, 556 U.S. at 679.
26 / / /
27 / / /
28 / / /

4

## II. Analysis

### A. Copyright Infringement

Under 17 U.S.C. § 411(a) ("§ 411(a)"), with certain exceptions,[3] "no civil action" for copyright infringement "shall be instituted until the preregistration or registration of the copyright claim has been made in accordance with this title." Put simply, copyright owners may not file an infringement suit before and until they have registered the relevant work. *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019).

Plaintiff concedes he did not obtain registration of his copyright until January and February of 2023—months after initiation of this lawsuit on November 21, 2022. Dkt. 1; SAC ¶ 38 ("In accordance with 17 USC 411 [*sic*], Plaintiff has registered [the KMPH Video] with the Copyright Office on January 20 and February 6, 2023."); Mot. at 80–81; *see Kifle v. Youtube LLC*, Case No. 21-cv-01752-CRB, 2021 WL 1530942, at *6 (N.D. Cal. Apr. 19, 2021) (finding plaintiff had not demonstrated a likelihood of success on the merits as to copyright infringement claims because he had "not plausibly alleged that he obtained a valid copyright registration for any relevant video before initiating this lawsuit"); *Hardwell v. Parker*, Case No. 21-cv-09100-DMG (PVCx), 2023 WL 4155402, at *2 (C.D. Cal. May 10, 2023).

---

[3] 17 U.S.C. § 411(c)(1) provides, "[i]n the case of a work consisting of sounds, images, or both, the first fixation of which is made simultaneously with its transmission, the copyright owner may … institute an action for infringement … if … the copyright owner … makes registration for the work … within three months after its first transmission." Defendant relies on this provision to argue Plaintiff's claims are barred as Plaintiff did not make registration within three months of the transmission of the KMPH Video in 2013. Mot. at 19. Based on the facts pleaded in the SAC, it is not clear whether the KMPH Video was a simultaneous transmission, or whether KMPH recorded the video and subsequently transmitted it via YouTube. SAC ¶ 1.

Accordingly, Plaintiff's claim for copyright infringement is barred as a matter of law and dismissed without prejudice.[4]

### B. False Designation of Origin Under the Lanham Act

Plaintiff argues Defendant has "unjustly enriched himself using plaintiff's name, voice, likeness, and marks to advertise his monetized video," in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.* SAC ¶ 27. The Lanham Act provides:

> Any person who, on or *in connection with any goods or services* … uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which … is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her *goods, services, or commercial activities by another person* … shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1) (emphases added).

Unlike tort claims for misappropriation of likeness or violations of the right of publicity,[5] the Ninth Circuit and courts in this district have considered claims for false

---

[4] Plaintiff seeks leave to file a third amended complaint. Dkt. 86. Registration of a copyright is required prior to the initiation of the subject action, rather than filing of an amended pleading. *Kifle*, 2021 WL 1530942, at *6 ("By tying the registration requirement to when a 'civil action' is 'instituted,' the plain language of § 411(a) refers to the beginning of a lawsuit, not the filing of an amended pleading.") (citing *Fourth Estate*, 139 S. Ct. at 887). Accordingly, Plaintiff's deficiency cannot be cured by amendment.

[5] *See Kirby v. Sega of America. Inc.*, 144 Cal. App. 4th 47, 55 (2006) (misappropriation of likeness claim requires only that a plaintiff plead "unauthorized use of the plaintiff's identity to the defendant's advantage by appropriating the

6

designation of origin or false endorsement under the Lanham Act in connection with the promotion or sale of a product or service. *See, e.g., Waits v. Frito-Lay*, 978 F.2d 1093, 1110 (9th Cir. 1992) ("a celebrity whose endorsement of a *product* is implied through the imitation of a distinctive attribute of the celebrity's identity [here, a singer's distinctive voice in a Doritos radio commercial], has standing to sue for false endorsement under section 43(a) of the Lanham Act") (emphasis added); *Kournikova v. General Media Communications*, 278 F. Supp. 2d 1111, 1120 (C.D. Cal. 2003) (considering whether plaintiff stated sufficiently a claim for false endorsement under the Lanham Act where defendant used plaintiff's "name and likeness to promote a product with which she ha[d] no association"); *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1149–50 (9th Cir. 2002) (considering whether defendant's sale of collectible items, bearing the name and likeness of Princess Diana, amounted to false endorsement).

Plaintiff has not pleaded the existence of any good, service, or advertisement as the subject of his allegedly false endorsement, and thus, the court dismisses Plaintiff's claim for violation of the Lanham Act without prejudice.[6]

---

plaintiff's name, voice, likeness, etc., commercially or otherwise, and resulting injury").

[6] To the extent Plaintiff asserts a cause of action for false advertising, he fails to plead the elements of such a claim. *See* SAC ¶ 27 ("Defendant falsely advertises that by clicking his video, viewers will be directed to a product of [Plaintiff.]"); *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997) (elements of a Lanham Act false advertising claim are: a false statement of fact in commercial advertisement; the statement actually deceived or had the tendency to deceive a substantial segment of its audience; the deception was material; the defendant caused its false statement to enter interstate commerce; and resulting injury to plaintiff).

### C. Federal Civil RICO

The elements of a civil RICO claim are: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to the plaintiff's business or property. *Grimett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). With regard to the second element, the statute defines "enterprise" as "any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4); *see also Odom v. Microsoft Corp.*, 486 F.3d 541, 549 (9th Cir. 2007) (*en banc*) (defining enterprise as "a group of persons associated together for a common purpose of engaging in a course of conduct … [It] is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit").

Plaintiff alleges "Defendant is part of a monetization partnership with YouTube … in which defendant is paid approximately an estimated $3.40 per 100 video views on each of his monetized videos. This money is generated from advertising whereby third parties purchase ads which are played before, during, and after videos[.]" SAC ¶ 32. The conclusory allegation that Defendant "is part of a monetization partnership with YouTube" to post allegedly unlawful videos is insufficient to allege the existence of an enterprise. *See Boyman v. Disney Enters., Inc.*, Case No. 17-cv-08827-DMG (JEMx), 2018 WL 5094902, at *5 (C.D. Cal. June 1, 2018) (allegation that Disney and Google were in an "unholy alliance" when they removed plaintiff's videos from YouTube and replaced it with a Disney music video was not enough to allege existence of enterprise). Accordingly, the court dismisses Plaintiff's civil RICO claims without prejudice.

### D. Right of Publicity, Defamation, and Intentional Infliction of Emotional Distress

Plaintiff's remaining claims are state law causes of action for defamation, intentional infliction of emotional distress, and violation of his right to publicity. SAC ¶¶ 51–54, 98–99, 106–08. A court "may decline to exercise supplemental jurisdiction

8

over a claim" if "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Because the court has dismissed Plaintiff's federal claims for relief, there is no federal subject matter jurisdiction. Accordingly, and without reaching the merits of Plaintiff's state law claims, the court declines to exercise supplemental jurisdiction over Plaintiff's state law causes of action and dismisses these claims without prejudice.

## CONCLUSION

For the foregoing reasons, the court DISMISSES without prejudice Plaintiff's Second Amended Complaint. Plaintiff's Motion for Leave to File a Third Amended Complaint,[7] Motion for Leave to File an Overlength Brief, and Motion for Reconsideration (Dkts. 86, 93, 99) are DENIED as moot.

IT IS SO ORDERED.

Dated: April 10, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[7] Plaintiff's proposed Third Amended Complaint does not remedy the deficiencies discussed in this Order. *See* Dkt. 86-2.